# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No.  04-cv-01067-REB-CBS

WILLIAM R. CADORNA,

     Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO, a municipal corporation,

     Defendants.

_____

## ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT
_____

**Blackburn, J.**

The matters before me are (1) **Defendant's Motion for Summary Judgment** [#81], filed March 8, 2006; and (2) **Plaintiff's Motion for Partial Summary Judgment** [#74], filed March 1, 2006.  I grant defendant's motion in part and deny it in part, and deny plaintiff's motion.

## I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586,

106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d

1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome

of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505,

2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of

a genuine fact issue.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d

1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  By contrast, a

movant who bears the burden of proof must submit evidence to establish every

essential element of its claim or affirmative defense.  *See In re Ribozyme*

*Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo.

2002).  In either case, once the motion has been properly supported, the burden shifts

to the nonmovant to show, by tendering depositions, affidavits, and other competent

evidence, that summary judgment is not proper.  *Concrete Works*, 36 F.3d at 1518.[1]

All the evidence must be viewed in the light most favorable to the party opposing the

motion.  *Simms v. Oklahoma ex rel Department of Mental Health and Substance*

*Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

However, conclusory statements and testimony based merely on conjecture or

subjective belief are not competent summary judgment evidence.  *Rice v. United*

---

[1]  However, the fact that the parties have filed cross-motions for summary judgment does not necessarily indicate that summary judgment is proper.  *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000); *James Barlow Family Ltd. Partnership v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997); *see also Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

2

*States*, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999); ***Nutting v. RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III. ANALYSIS

On January 2, 2003, plaintiff was terminated from his employment as a firefighter with the Denver Fire Department based on accusations that he shoplifted a cookbook from a local grocery store.  Plaintiff appealed his termination to the Civil Service Commission (CSC).  While this appeal was still pending, plaintiff applied for "age and service" retirement from the Fire Department.  Plaintiff's retirement subsequently was converted, at his request, to a disability retirement based on job-related hearing loss.

Following a five-day hearing, a CSC Hearing Officer found that plaintiff's conduct in taking the cookbook did not amount to willful theft and therefore reversed the termination decision.  The Hearing Officer ordered that plaintiff receive pay and benefits from the date of his termination to the date of his retirement.  Plaintiff appealed this latter aspect of the Hearing Officer's decision to the CSC, which affirmed.  Plaintiff then sought *certiorari* review of the administrative decision in the state district court pursuant to C.R.C.P. 106(a)(4).  That action is still pending at this time.

By this lawsuit, plaintiff alleges that defendant violated his rights under the Age Discrimination in Employment Act ("ADEA") and the Americans With Disabilities Act ("ADA"), as well as his constitutionally protected right to procedural and substantive due process.  Defendant has moved for summary judgment as to all claims and causes of action asserted herein.  Plaintiff has moved for partial summary judgment as to his ADEA and ADA claims.

## A.  DUE PROCESS CLAIMS

Plaintiff claims first that defendant's actions both prior and subsequent to his termination violated his procedural and substantive due process rights.  Defendant does not dispute that plaintiff has a protected property interest in his job.  *See Garcia v. City of Albuquerque*, 232 F.3d 760, 769 (10th Cir. 2000) (citing *Glibert v. Homar*, 520 U.S. 924, 928-29, 117 S.Ct. 1807, 1811 , 138 L.Ed.2d 120 (1997)).  In addition, there is little doubt that plaintiff has "a liberty interest in his good name and reputation as it affects his protected property interest in continued employment."  *Workman v. Jordan*, 32 F.3d 475, 480 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1357 (1995).  The only question therefore is whether defendant actually infringed those interests.

With respect to plaintiff's procedural due process claims, I find that there is no genuine issue of material fact for trial.  Where, as here, provision is made for a full post-termination hearing, due process requires only that, prior to termination, "[t]he tenured employee [be afforded] oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985); *see also Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 517 (10th Cir. 1998).  There is no question but that plaintiff was afforded these rights prior to his termination.  (*See* Def. Motion App., Exhs. A-1 & A-2.)[2]  Although

---

[2]  However, contrary to defendant's argument, the Hearing Officer's decision on this point, which is currently on appeal to the state district court, is not entitled to preclusive effect.  *See In re Rantz*, 109 P.3d 132, 141 (Colo. 2005) (judgment pending on appeal not entitled to preclusive effect); *see also Atiya v. Salt Lake County*, 988 F.2d 1013, 1019 (10th Cir. 1993) (state law controls question of whether state agency fact finding is entitled to preclusive effect).

plaintiff describes his pre-termination due process claims as involving defendant's allegedly faulty and biased investigation of the charges against him, such allegations do not implicate constitutional due process rights.  *See Tonkovich*, 159 F.3d at 523-26.  In the absence of evidence suggesting that defendant's "disregard of its rules result[ed] in a procedure which in itself impinge[d] upon due process rights," *Atencio v. Board of Education of Pensaco Independent School District No. 4*, 658 F.2d 774, 779 (10th Cir. 1981), defendant is entitled to summary judgment as to this claim.

Moreover, there is no question but that plaintiff, who was afforded a full-blown hearing, at which he was represented by counsel and allowed to present evidence and cross-examine witnesses, received adequate post-termination process.  *See Tonkovich*, 159 F.3d at 526; *Hicks v. City of Watonga, Oklahoma*, 942 F.2d 737, 746 (10th Cir. 1991).  Although plaintiff alleges actual bias on the part of the tribunal, which of course would vitiate the conclusion that plaintiff received adequate process, plaintiff has not "'overcome the presumption of honesty and integrity in those serving as adjudicators." *Hicks*, 942 F.2d at 746 (quoting *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975)); *see also Mangels v. Pena*, 789 F.2d 836, 838 (10th Cir. 1986) ("Because honesty and integrity are presumed on the part of a tribunal, there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated.") (citation and internal quotation marks omitted).  Plaintiff presents no evidence, for example, that the Hearing Officer had any kind of personal or financial stake in the outcome of the decision, or harbored any type of personal animosity against him.  *See*

*Hortonville Joint School District No. 1 v. Hortonville Educational Association*, 426 U.S. 482, 492-93, 96 S.Ct. 2308, 2314-15, 49 L.Ed.2d 1 (1976).  Rather, plaintiff appears merely to reason backward from the fact of the Hearing Officer's partially unfavorable decision to conclude that he must have been biased.  Such "just so" reasoning is insufficient to create a genuine issue of material fact for trial.  Accordingly, defendant is entitled to summary judgment as to plaintiff's procedural due process claims.

Plaintiff has invoked also the substantive protections of the due process clause.[3] "[T]he standard for judging a substantive due process claim is whether the challenged government action would 'shock the conscience of federal judges.'" *Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir. 1995) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 126, 112 S.Ct. 1061, 1069, 117 L.Ed.2d 261 (1992)), *cert. denied*, 116 S.Ct. 924 (1996).  To meet this standard, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.  Instead, a plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Tonkovich*, 159 F.3d at 528 (citation and internal quotation marks omitted).

---

[3]  Federal circuit courts of appeal are split as to whether there is any substantive due process right in public employment at all.  *Compare McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) (en banc) (finding no such right), *cert. denied*, 115 S.Ct. 898 (1995), *with Schaper v. City of Huntsville*, 813 F.2d 709, 717 & n.8 (5th Cir. 1987) (recognizing substantive due process right in public employment).  The Tenth Circuit has not spoken directly to the issue, and other district courts within the circuit have reached divergent conclusions based on Tenth Circuit precedents.  *See Garcia v. State of New Mexico Office of the Treasurer*, 959 F.Supp. 1426, 1430 & n.2 (D.N.M. 1997) (noting existence of confusion on the issue). *Also compare Pike v. Gallagher*, 829 F.Supp. 1254, 1278-79 & n.21 (D.N.M. 1993) (recognizing substantive due process right in employment), *with Houck v. City of Prairie Village*, 978 F.Supp. 1397, 1405 (D. Kan. 1997) (finding no such right), *aff'd*, 166 F.3d 347 (10th Cir. 1998).  However, because defendant has not argued this issue in support of its motion for summary judgment, I decline to address it here.

Although the question whether conduct is conscience shocking is one of law for the court, *see Perez v. Unified Government of Wyandotte County/Kansas City, Kansas*, 432 F.3d 1163, 1168 n.4 (10th Cir. 2005), *pet. for cert. filed*, 74 U.S.L.W. 3619 (Apr. 24, 2006) (No. 05-1356), that determination is premised on the particular facts of the case.  Having reviewed the arguments, authorities, and evidence presented by the parties, it is apparent that there exist genuine issues of material fact relevant to that determination that are not appropriate for summary resolution.  Defendant's motion for summary judgment as to these claims therefore must be denied.

## B.  ADEA CLAIM

Plaintiff claims defendant discriminated against him on the basis of his age, both in its initial termination decision and in its refusal to reinstate him.  Both these claims survive summary judgment.

With respect to his termination, plaintiff relies on circumstantial evidence, thereby invoking the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[4]  Under that rubric, plaintiff first must establish a prima facie case of age discrimination by showing that: (1) he is within the age group protected by the ADEA, that is, over age 40; (2) he was doing satisfactory work; and (3) he was suffered an adverse employment action.[5]  *See*

---

[4] Although the Final Pretrial Order suggests that plaintiff also intends to rely on the alternative method of proving age discrimination by presenting circumstantial evidence that age was a motivating factor in his termination, *see Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 559 (10th Cir. 1996), plaintiff offers no such evidence, but instead merely argues that defendant's proffered reasons for his termination were pretextual.

[5] Although *McKnight* and later cases continue to refer to a fourth element of the prima facie case – that the plaintiff's position was filled by a younger person – that element expressly has been rejected as necessary to the plaintiff's prima facie burden of proof in ADEA cases.  *O'Connor v. Consolidated Coin*

7

*McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998); *Cone v. Longmont United Hospital Association*, 14 F.3d 526, 528-30 (10th Cir. 1994). Defendant argues that plaintiff has failed to establish the latter two elements of this test. I disagree.  Plaintiff may meet his burden of showing that he was performing "satisfactory work" by demonstrating, *inter alia*, that he held his position for a significant period of time, a condition that applies plainly to this case.  *See MacDonald v. Eastern Wyoming Mental Health Center*, 941 F.2d 1115, 1121 (10th Cir. 1991).  Moreover, it is clear that plaintiff suffered an adverse employment action in that he was discharged. In addition to having no precedential value, either in this district or their own, the unreported cases on which defendant relies, which found no adverse employment action when the employee was reinstated with full pay and benefits, are clearly inapposite here.  *See Edwards v. Miller*, 2002 WL 1377683 at *7 (N.D. Ill. June 25, 2002); *Carter v. Castillo*, 2000 WL 1753039 at *3 (N.D. Tex. Nov. 27, 2000), *aff'd*, 31 Fed. Appx. 156 (5th Cir. Dec. 14, 2001).

The burden thus shifts to defendant to articulate a legitimate, non-discriminatory reason for its employment decision.  *McKnight*, 149 F.3d at 128.  Defendant's belief that plaintiff committed willful theft satisfies this burden.  (*See* Def. Motion App., Exh. A-4 at 3.)  The burden thus shifts back to plaintiff to prove the ultimate fact of age discrimination by showing that defendant's proffered reason is pretextual.  *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1278 (10th Cir. 2005); *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002).  As to this question, I find

_____

*Caterers Corp.*, 517 U.S. 308, 311-312, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996).

that there are genuine issues of material fact for trial.  Although the statement of the

checkout clerk, Kevin McGee, does not clearly exonerate plaintiff, as he argues,[6] a

reasonable jury could infer therefrom that McGee gave plaintiff permission to take the

cookbook.  The evidence suggests that Assistant Fire Chief Hart was aware of McGee's

statement before he recommended plaintiff's termination.  There is thus a genuine

issue of fact as to whether Hart honestly believed plaintiff stole the cookbook at the time

he made the decision to recommend plaintiff's termination.  Moreover, although the

ultimate employment decision was made by those higher up the chain of command, the

evidence suggests that Hart did not reveal McGee's statement to those officials.  Thus,

there is a further fact issue as to whether Hart's alleged bias infected the ultimate

employment decision.  *See English v. Colorado Dept. of Corrections*, 248 F.3d 1002,

1011 (10th Cir. 2001) (employer may be held liable for a subordinate employee's

prejudice, even if the manager lacked discriminatory intent, when manager acted

merely as "cat's paw" or "rubber stamp" for employee's biased decision).[7]  Because

plaintiff thus has presented evidence suggesting that defendant's stated reason for

terminating plaintiff may be unworthy of credence, summary judgment is not

appropriate as to this claim.

---

[6] McGee's statement reads, in pertinent part, "I . . . recall Bill around 2 days ago explain [sic] to me at my check lane that he had purchased a cook book but had to make an exchange. . . . I did not question Bill because I have a lot of respect for Bill because he is a fire official."

[7] I recognize that the cat's paw doctrine is inapplicable when "the plaintiff had an opportunity to respond to and rebut the evidence supporting the recommendation." *English*, 248 F.3d at 1011. Although plaintiff did have such an opportunity, I find that the alleged withholding of evidence that might be construed as corroborating plaintiff's version of events could be interpreted by reasonable jurors as having skewed the ultimate termination decision.

Plaintiff also claims age discrimination with respect to the failure to reinstate him following reversal of the termination decision.  Defendant counters that because plaintiff retired before the completion of his administrative appeal, he could not be reinstated to his former position, only rehired.  However, plaintiff could not be rehired because he was over age 30, the maximum age for original appointment as a firefighter that existed as of March 3, 1983.  *See* 29 U.S.C. § 623(j) (providing that "it shall not be unlawful" to refuse to hire a firefighter or law enforcement officer who has attained the age of hiring in effect under local law as of March 3, 1983).[8]  *See also Kopec v. City of Elmhurst*, 193 F.3d 894, 900-01 (7th Cir. 1999).

Plaintiff maintains that these provisions are inapplicable because his retirement was not in fact voluntary.  *See Emerson v. Widnall*, 1996 WL 733769 at *3 (10th Cir. Dec. 24, 1996) (citing *Arneson v. Heckler*, 879 F.2d 393, 396 (8th Cir. 1989)); *Wall v. United States*, 871 F.2d 1540, 1543 (10th Cir. 1989), *cert. denied*, 110 S.Ct. 717 (1990).  One of the various circumstances that may indicate that retirement was not voluntary is that the decision was made under duress, which may result, *inter alia*, from "wrongful action, such as discriminatory discharge."  *Emerson*, 1996 WL 733769 at *3.[9]  Because I have found genuine issues of material fact with respect to whether defendant violated the ADEA in terminating plaintiff, I cannot find as a matter of law that plaintiff's retirement was voluntary.  If plaintiff's retirement was not voluntary, he would have been

---

[8]  Given this "safe harbor" provision, I cannot accept plaintiff's argument that defendant's reliance thereon is a *per se* violation of the ADEA.

[9]  This is not to say that plaintiff may not proffer evidence of other circumstances attendant on his retirement that might rebut the presumption of voluntariness.  *See Emerson*, 1996 WL 733769 at *3 (outlining other factors that may demonstrate involuntariness).

entitled to reinstatement, and defendant's now-defunct age restriction, which applies by its terms only to "original appointments," would be inapplicable.

For these reasons, summary judgment is not appropriate as to plaintiff's ADEA claims.

## C.  ADA CLAIM[10]

Finally, plaintiff claims that defendant's refusal to reinstate him violated the ADA. In order to prove this claim, plaintiff must establish (1) that he is disabled within the meaning of the ADA; (2) that he is qualified, that is, that he is able to perform the essential functions of his job with or without reasonable accommodation; and (3) that defendant refused to reinstate him under circumstances that give rise to an inference of discrimination based on disability.  *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997).  Defendant argues that the evidence fails to present a genuine issue of material fact regarding whether plaintiff suffers from a "disability" as that term is defined by the ADA because he has not shown that his hearing loss substantially limits a major life activity.  *See Boykin v. ATC/VanCom of Colorado, L.P.*, 247 F.3d 1061, 1063 (10th Cir. 2001) ("A 'disability' is '(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'") (quoting 42 U.S.C.

---

[10] Although defendant moves for summary judgment as to an ADA claim based on plaintiff's initial termination, it does not appear, based on the Final Pretrial Order, that plaintiff is asserting such a claim under the ADA.  Nor could he.  There is no evidence that anyone knew of plaintiff's disability prior to his request for disability retirement, which occurred well after he was fired.  *See, e.g., Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 81-83 (2nd Cir. 2005) (plaintiff must make prima facie showing that employer knew of employee's protected status); *Morisky v. Broward County*, 80 F.3d 445, 448-49 (11th Cir. 1996) (same in context of ADA case).  Thus, to the extent plaintiff intends to assert such a claim, defendant is entitled to summary judgment as to that claim.

§ 12102(2)).  Although whether a plaintiff suffers from an impairment and whether that impairment impacts a major life activity are questions of law for the court, whether plaintiff is "substantially limited" in a major life activity is generally a question of fact. *See Pack v. Kmart Corp.*, 166 F.3d 1300, 1305-06 (10th Cir.), *cert. denied*, 120 S.Ct. 45 (1999); *Hines v. Chrysler Corp.*, 231 F.Supp.2d 1027,1035 (D. Colo. 2002). Nevertheless, if plaintiff has failed to present sufficient facts to show that his disability is substantially limiting within the meaning of the ADA, I may rule on the issue as a matter of law.  *See Doebele v. Sprint/United Management Co.*, 342 F.3d 1117, 1130 (10th Cir. 2003).

Plaintiff argues that defendant, having granted his request for disability retirement, is estopped to deny that it regarded his hearing loss as substantially limiting. I disagree.  Although plaintiff submits evidence showing that defendant considered his hearing loss disabling if his "[h]earing deficit in the pure tone thresholds in the unaided worst ear" exceeded certain specified levels, he presents no argument or evidence establishing whether and to what extent these criteria coincide with the "substantially limited" requirement of the ADA.   *See* 29 C.F.R. § 1630.2(j)(1)(ii) (disability is substantially limiting within meaning of ADA if it restricts plaintiff's hearing "as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.").  The mere fact of plaintiff's disability retirement, therefore, does not by itself establish that defendant regarded him as disabled within the meaning of the ADA.  *See, e.g.*, *Bennett v. Calabrian Chemicals Corp.*, 2005 WL 643278 at *1 (5th Cir. Mar. 21, 2005); *Linser v. State of*

12

***Ohio, Department of Mental Health***, 2000 WL 1529809 at *4 (6th Cir. Oct. 6, 2000);

***Cody v. Cigna Healthcare of St. Louis, Inc.***, 139 F.3d 595, 599 (8th Cir. 1998); ***Wright***

***v. FMC Technologies, Inc.***, 2005 WL 1607454 at *5 (S.D. Tex. July 1, 2005);

***Johnson v. Boardman Petroleum***, 923 F.Supp. 1563, 1568 (S.D. Ga. 1996).

Moreover, under the other two prongs of the definition, I find that plaintiff has

failed to present sufficient evidence to create a genuine issue of fact regarding whether

his disability substantially limits the major life activity of hearing.[11]   Again, although

plaintiff's evidence suggests that his hearing loss exceeds certain levels, there is no

evidence that this degree of hearing loss, albeit permanent, significantly restricts

plaintiff "as compared to the condition, manner, or duration under which the average

person in the general population can perform that same major life activity."  29 C.F.R. §

1630.2(j)(1)(ii).  Therefore, defendant is entitled to summary judgment as to plaintiff's

ADA claim.

### IV.  CONCLUSION

Plaintiff has failed to establish the existence of a genuine issue of material fact

for trial with respect to his procedural due process and ADA claims.  Defendant's

motion for summary judgment as to those claims should be granted, and plaintiff's

motion with respect to his ADA claim denied.  However, I find that genuine issues of

material fact preclude summary judgment as to plaintiff's substantive due process and

ADEA claims.  Both parties' motions as to these claims therefore should be denied.

---

[11]  Although plaintiff also appears to argue that he is substantially limited in the major life activity of
working, I find that he has failed to show that his hearing loss precluded him from a broad range of jobs.
***See Sutton v. United Air Lines, Inc.***, 527 U.S. 471, 492, 110 S.Ct. 2139, 2151, 144 L.Ed.2d 450 (1999);
***Boykin***, 247 F.3d at 1064 n.3.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant's Motion for Summary Judgment** [#81], filed March 8, 2006, is **GRANTED IN PART** and **DENIED IN PART**;

2.  That defendant's motion is **GRANTED** with respect to plaintiff's procedural due process claims under 42 U.S.C. § 1983, and his ADA claims; thus, those claims are **DISMISSED WITH PREJUDICE**;

3.  That the motion is **DENIED** otherwise; and

4.  That **Plaintiff's Motion for Partial Summary Judgment** [#74], filed March 1, 2006, is **DENIED**.

Dated June 8, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**