**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  04-cv-01067-REB-CBS

WILLIAM R. CADORNA,

      Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO, a municipal corporation,

      Defendants.

_____

**ORDER RE: PARTIES' MID-TRIAL CROSS-MOTIONS
FOR ENTRY OF JUDGMENT AS A MATTER OF LAW
UNDER FED.R.CIV.P. 50(a)**

**Blackburn, J.**

      The matters before me are plaintiff's and defendant's mid-trial motions for

judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a)(1).  I grant the defendant's

motion as to plaintiff's substantive due process claims, but deny plaintiff's and

defendant's motions as to plaintiff's Age Discrimination in Employment Act claims.

      Rule 50(a)(1) provides that

> [i]f during a trial by jury a party has been fully heard on an
> issue and there is no legally sufficient evidentiary basis for a
> reasonable jury to find for that party on that issue, the court
> may determine the issue against that party and may grant a
> motion for judgment as a matter of law against that party
> with respect to a claim or defense that cannot under the
> controlling law be maintained or defeated without a
> favorable finding on that issue.

The standard for determining a motion for judgment as a matter of law under Rule 50(a)

mirrors the standard for summary judgment. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).  Thus, I must review all the evidence in the record and draw all reasonable inferences in favor of the nonmoving party, in this case, plaintiff.  In so doing, I may not make credibility determinations or weigh the evidence.  I thus must disregard all evidence favorable to the moving party that the jury is not required to believe, that is, I must give credence to the evidence favoring the nonmovant as well as any evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that such evidence comes from disinterested witnesses. *Reeves*, 530 U.S. at 150-51.

With those standards in mind, I turn to plaintiff's age discrimination claims. Having carefully perused the Final Pretrial Order that governs this case, I find that plaintiff has failed to present, and thus to preserve, claims for retaliation – embedded or otherwise – or disparate impact under the ADEA.

With respect to plaintiff's ADEA claims implicating his termination and the failure to reinstate him, I find and conclude that genuine issues of disputed material fact exist; thus precluding the entry of judgment as a matter of law.[1]

With the standards governing Rule 50 motions in mind, I turn next to plaintiff's substantive due process claims.  Unlike procedural due process, "a substantive due process inquiry focuses on 'what' the government has done, as opposed to 'how and

---

[1]  For the first time, at oral argument in response to defendant's oral, mid-trial motion for judgment as a matter of law, plaintiff argued, without supporting authority, that Judge Criswell's interpretation of the state "old hire" pension statutes was binding on the city and, based on the Supremacy Clause, dispositive of the issue of age discrimination in the failure to reinstate plaintiff.  The argument thus has not been adequately presented or preserved.

when' the government did it." *Amsden v. Moran*, 904 F.2d 748, 754 (1st Cir. 1990).

Stated differently, "a substantive due process claim implicates the essence of state

action rather than its modalities; such a claim rests not on perceived procedural

deficiencies but on the idea that the government's conduct, regardless of procedural

swaddling, was in itself impermissible." *Id.* at 753. "[T]he standard for judging a

substantive due process claim is whether the challenged government action would

'shock the conscience of federal judges.'" *Collins v. City of Harker Heights*, 503 U.S.

115, 126 (1992); *see also Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir. 1995), *cert.*

*denied*, 116 S.Ct. 924 (1996). To meet this standard, "a plaintiff must do more than

show that the government actor intentionally or recklessly caused injury to the plaintiff

by abusing or misusing government power. Instead, a plaintiff must demonstrate a

degree of outrageousness and a magnitude of potential or actual harm that is truly

conscience shocking." *Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 528

(10th Cir. 1998).

Of course, "[s]tating the proposition does not cabin it very well." *Amsden*, 904

F.2d at 753. The standard is clearly somewhat amorphous, and has been defined

mainly in the negative. For example, the Supreme Court has made clear that, because

"[o]ur Constitution deals with the large concerns of the governors and the governed,"

the Fourteenth Amendment's guarantee of substantive due process "does not purport

to supplant traditional tort law in laying down rules of conduct to regulate liability for

injuries that attend living together in society." *County of Sacramento v. Lewis*, 523

U.S. 833, 848-49 (1998). *See also Paul v. Davis*, 424 U.S. 693, 701 (1976) (noting

that the Fourteenth Amendment is not "a font of tort law to be superimposed upon whatever systems may already be administered by the States."). For this reason, "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Lewis*, 523 U.S. at 849. Instead, conduct is "conscience shocking" only when it involves deliberately wrongful government conduct. *Collins*, 503 U.S. at 127 n.10; *Uhlrig*, 64 F.3d at 573. Such deliberateness is established where the defendant's conduct manifests either an intent to harm or reckless conduct, that is, an "aware[ness] of a known or obvious risk that was so great that it was highly probable that serious harm would follow and he or she proceeded in conscious and unreasonable disregard of the consequences." *Uhlrig*, 64 F.3d at 573-74 & n.8.

Yet even proof of such conduct is not sufficient to make out a substantive due process claim. To satisfy the "shocks the conscience" standard, "plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking. The level of conduct required to satisfy this additional requirement cannot precisely be defined, but must necessarily evolve over time from judgments as to the constitutionality of specific government conduct." *Uhlrig*, 64 F.3d at 574. Thus, for example, the Tenth Circuit has found government action to be conscience shocking where school officials beat a nine-year-old student to the point where the paddle with which she was being assaulted split in two, blood soaked through her clothing, and she received a two-inch cut on her leg. *Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987), *cert. denied*, 108 S.Ct. 1220 (1988). By contrast, the appellate court found no substantive due process violation where a teacher required a

4

mentally retarded ten-year-old boy to clean out a clogged toilet with his bare hands.

***Harris v. Robinson***, 273 F.3d 927, 929 (10th Cir. 2001).  Decisions from district courts

in this circuit also give some idea of the high degree of outrageousness that must be

shown to constitute a violation of substantive due process.  ***See, e.g.***, ***Williams v.***

***Berney***, 2006 WL 753208 at *5 (D. Colo. March 20, 2006) (slip op.) (no substantive

due process violation stated where state business license inspector assaulted plaintiff

without provocation, causing him severe physical injuries and a later stroke); ***Richard***

***v. Perkins***, 373 F.Supp.2d 1211, 1220 (D. Kan. 2005) (no substantive due process

violation stated when state university track coach barred plaintiff from team and

terminated his scholarship, despite allegations that actions were without good cause

and coach, whose own son competed on the team in the same events as the plaintiff,

had conflict of interest in making decision); ***Robbins v. Bureau of Land Management***,

252 F.Supp.2d 1286, 1300 (D. Wyo. 2003) (allegations that government officials

threatened plaintiff, trespassed on his property, and convinced the U.S. Attorney's

Office to prosecute him did not state cause of action for substantive due process);

***Gonzales v. Passino***, 222 F.Supp.2d 1277, 1282 (D.N.M. 2002) (no substantive due

process violation stated on allegations that teacher struck recalcitrant student on the

arm with a plastic bat, despite allegations that teacher reacted purely in anger with no

good faith effort to restore discipline).  Decisions from other federal courts also are

illustrative.  ***See, e.g.***, ***Rochin v. California***, 342 U.S. 165, 172-73 (1952)

(conscience-shocking state action found where a suspect's stomach was forcibly

pumped to obtain evidence); ***Brown v. Hot, Sexy and Safer Productions***, 68 F.3d

525, 532 (1st Cir. 1995) (no substantive due process violation where public school students were required to attend a sexually explicit AIDS awareness assembly), *cert. denied*, 116 S.Ct. 1044 (1996); *Souza v. Pina*, 53 F.3d 423, 424-27 (1st Cir. 1995) (no substantive due process violation when a murder suspect committed suicide after prosecutors encouraged the media to link him to a series of murders); *Harrington v. Almy*, 977 F.2d 37, 43-44 (1st Cir. 1992) (conscience-shocking state action where a suspended police officer was required to undergo a penile plethysmograph as a condition of reinstatement); *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991), *cert. denied*, 112 S.Ct. 226 (1991) (no conscience-shocking conduct when police officers threatened to kill mother, told mother's four-year-old and ten-year-old children that if their father was caught they would never see him again, and refused to allow the children to give their father a goodbye hug when he was arrested); *Grendell v. Gillway*, 974 F.Supp. 46, 51-52 (D. Me. 1997) (conscience-shocking conduct when officer lied to and threatened an eleven-year-old girl in order to extract incriminating information about the suspected drug use of her parents).  More to the point, I have not found any case in this circuit in which the facts surrounding a termination of employment, even those in which the employment decision might well have been characterized as hasty or simply wrong, have been found to make out a viable substantive due process claim.  *See, e.g.*, *Garcia v. City of Albuquerque*, 232 F.3d 760, 771 (10th Cir. 2000); *Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 529-30 (10th Cir. 1998); *Lassiter v. Topeka Unified School District No. 501*, 347 F.Supp.2d 1033, 1047 (D. Kan. 2004); *Hughes v. Keath*, 328 F.Supp.2d 1161, 1162-

63 (D. Kan. 2004); ***Ferraro v. Board of Trustees of Labette County Medical Center***, 106 F.Supp.2d 1195, 1202 (D. Kan. 2000), ***aff'd***, 28 Fed. Appx. 899 (10th Cir. 2001); ***Reidenbach v. U.S.D. No. 437***, 912 F.Supp. 1445, 1454 (D. Kan. 1996).

In considering plaintiff's substantive due process claims under these standards, I have considered not only the evidence formally admitted at trial, but also, to the extent it is not overlapping or otherwise cumulative, I have considered the evidence plaintiff submitted in support of his motion for summary judgment and in response to defendant's motion for summary judgment.  Also, I have assumed *arguendo* that the Tenth Circuit recognizes a right to substantive due process in the context of public employment, although, as noted in my order on the parties' cross motions for summary judgment, it is not patent whether such a right is cognizable in the first instance.

Nevertheless, even after consideration of all such evidence in the light most favorable to plaintiff, I conclude that he has not shown that defendant's conduct, either with respect to his termination or as regards the refusal to reinstate him after his termination was overturned, rises to  the level of a substantive due process violation.  It is clear beyond peradventure that "[t]he Due Process Clause 'is not a guarantee against incorrect or ill-advised [government] decisions.'"  ***Uhlrig***, 64 F.3d at 573 (quoting ***Collins***, 503 U.S. at 129).  I find no more than that on the facts plaintiff has presented here.

More specifically, I reject plaintiff's attempt, first advanced in the context of the parties' cross-motions for summary judgment and reiterated here, that this case is analogous to ***Moran v. Clarke***, 296 F.3d 638 (8th Cir. 2002) (en banc).  In ***Moran***, the

7

plaintiff police officer was terminated based on an almost totally uncorroborated

accusation that he had assaulted a mentally impaired teenager during an arrest when

in fact, the plaintiff had not even arrived on the scene until after the suspect had been

subdued by other officers.  The chief of police publicly vowed to punish the wrongdoers

and, contrary to normal procedures, immediately began interviewing officers without the

knowledge or participation of the Internal Affairs Division, to which such matters were

usually entrusted.  There was evidence that the chief was focused myopically on the

plaintiff despite the lack of evidence against him, ostensibly because he was white.

The Eighth Circuit found these facts sufficient to create a triable issue of fact as to

whether the plaintiff's substantive due process rights had been violated.  Said the court,

> we are prompted to weigh Moran's constitutionally important
> liberty interests against evidence that officials purposely
> conspired to manufacture evidence in order to make him an
> innocent scapegoat for a devastating travesty that
> embarrassed the police department and its managers, and
> evidence that the executive actions may have been partially
> undertaken to protect other, more favored, employees in the
> department.
>
> Viewing the record in the appropriate light, Moran
> established a plausible case for each of his contentions.  He
> introduced evidence that tends to show a police department
> that publicly and financially committed itself to producing a
> culprit for an alleged wrongdoing before any such
> wrongdoing was actually established.  He produced proof of
> questionable procedures, of pressures placed on officers to
> incriminate a specific person or corroborate the
> department's official line, of a hasty condemnation of Moran
> and of improper consideration of his race.  Moreover, he
> offered proof that, at various times, certain defendants
> purposely ignored evidence that strongly tended to
> exonerate him.  In short, drawing all inferences in his favor,
> a reasonable jury could conclude that some or all of the

> defendants intentionally set up an innocent Moran for
> patently arbitrary reasons.

*Moran*, 296 F.3d at 647-48.

The facts of this case come nowhere near the level of that found sufficient to create a triable issue in *Moran*. Unlike that case, the charges against plaintiff here were not manufactured out of whole cloth. Indeed, plaintiff acknowledges that he took the cookbook from the store, although he disputes defendant's conclusion that such amounted to theft by shoplifting. There is simply no evidence suggesting that the investigation of the charges against plaintiff amounted to a "witch hunt" as in *Moran*. Although Frank Hoffman may well have been "out to get" plaintiff, he was not terminated based on the uncorroborated statements of Frank Hoffman, unlike the plaintiff in *Moran*. Nor, despite plaintiff's best efforts to demonstrate otherwise, does the evidence demonstrate that departmental protocols were not followed in conducting the investigation. Even drawing every reasonable inference in favor of plaintiff, the evidence here cannot support a conclusion that anyone was pressured to give statements inculpating plaintiff, nor that potentially exculpating evidence was purposefully ignored. Plaintiff's termination might well be characterized as unfair; however, it cannot be fairly thought to have been so egregious so as to shock the conscience of a federal judge.

If the facts surrounding plaintiff's termination do not give rise to a substantive due process claim, the fact of his failure to be reinstated are even less compelling. The sum total of plaintiff's evidence in this regard is that the Hearing Officer misstated the

factual record, which error was perpetuated before the full Commission, and wrongfully accepted defendant's interpretation of the state old hire pension statutes as prohibiting plaintiff's reinstatement.  It does not shock the conscience to learn that imperfect human decision makers can and do make misstatements of fact in the carrying out of their official duties, even though the effect of such misstatements may be significant to those affected.  Indeed, the possibility of such mistakes is part of the justification for the process of appeal and judicial review, a process of which plaintiff has taken full advantage.  Nor does the fact that reasonable legal minds can and obviously do differ as to the proper interpretation of state statutes shock the conscience.  In sum, I find that the evidence submitted by plaintiff fails to make out a viable claim for violation of his rights to substantive due process in the refusal to reinstate him as a firefighter.

Additionally, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by defendant in support of its motion for entry of judgment as a matter of law on plaintiff's substantive due process claims.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's mid-trial, oral motion for entry of judgment as a matter of law on his age discrimination claim for failure to reinstate is denied;

2. That defendant's mid-trial, oral motion for entry of judgment as a matter of law on plaintiff's age discrimination claims for termination and  for failure to reinstate are denied;

3. That defendant's mid-trial, oral motion for entry of judgment as a matter of law on plaintiff's "embedded retaliation" claim is denied as moot because the plaintiff has

not presented or preserved such a claim;

4. That defendant's mid-trial, oral motion for entry of judgment as a matter of law on plaintiff's substantive due process claims is granted, and, therefore, plaintiff's substantive due process claims are dismissed; and

5. That any claim for age discrimination based on disparate impact is dismissed.

Dated June 27, 2006, at Denver, Colorado.

**BY THE COURT:**


**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**