**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  04-cv-01067-REB-CBS

WILLIAM R. CADORNA,

     Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO, a municipal corporation,

     Defendant.

_____

## ORDER OF CONTEMPT

_____

**Blackburn, J.**

     This order is entered pursuant to Fed.R.Crim.P. 42(b) to certify, confirm, reiterate, expatiate, and supplement the findings of fact, conclusions of law, and order of contempt (with sanctions) entered summarily by the court during trial (outside the presence of the jury) on Wednesday, June 28, 2006, against Mark E. Brennan, attorney for plaintiff, as punishment for the criminal contempt committed by him in the presence of the court.

     During the course of the eight-day trial conducted in this case, the court had admonished, warned, and instructed Mr. Brennan on various occasions not to interrupt the court. Notwithstanding those earlier admonitions, warnings, and instructions, on the seventh day of trial held on Wednesday, June 28, 2006, at approximately 11:25 a.m., Mr. Brennan again interrupted the court.  During a conference at the bench, the court was pronouncing its ruling on plaintiff's oral request that a defense may-call witness

remain available for possible rebuttal testimony by plaintiff, when Mr. Brennan

repeatedly interrupted the court after the court had instructed him yet again not to do

so. Accordingly, the court terminated the bench conference, removed the jury from the

courtroom, and certified the following on the record:

> During the court's colloquy with counsel and the plaintiff at its bench
> in consideration and potential resolution of plaintiff's request that the
> defendant make available for potential rebuttal testimony Tracy Howard,
> a defendant may-call witness, in the course of its ruling, Mr. Brennan
> continually and without cause interrupted the court in its remarks. If
> this had been the first such rude, contemptuous interruption, the court
> would have simply ignored it as I have during this trial on so many
> previous occasions, but enough is enough. Once again I find that the
> conduct of counsel on this occasion in rudely interrupting the court
> despite its previous instructions and requirements to the contrary to be
> contemptuous. It is offensive to the dignity of this court. It has effected
> yet another delay in these trial proceedings, again to the detriment of
> the court, the parties, counsel, and importantly this trier of fact. Therefore,
> I find that Mr. Brennan has committed a direct contempt of court, the
> sanction for which shall be the imposition of a fine of $500, and I warn
> Mr. Brennan that for each subsequent violation, that fine shall be doubled.[1]

In responding to this act of contempt, which was committed in the presence of

the court, the court exercised its authority under 18 U.S.C. § 401 and Fed.R.Crim.P.

42(b) to summarily punish criminal contempt committed in the presence of the court.

The contemptuous conduct implicated 18 U.S.C. § 401(1) and (3).[2]

---

[1] This excerpt is taken from the unofficial transcript available to the court.

[2] The finding and adjudication of contempt came less than 30 minutes after the court terminated
Mr. Brennan's cross-examination of a defense witness as a sanction for Mr. Brennan's repeated and
contumelious interjections of improper personal comments in response to witnesses's answers. This
sanction was imposed after Mr. Brennan had been warned specifically that his cross-examination would
be terminated if he commented improperly one more time about a witness's answer. Following the
imposition of this sanction, Mr. Brennan refused contumaciously to leave the podium and be seated. The
court was constrained to reiterate its command that Mr. Brennan be seated not less than five times before
he finally took his seat.

**THEREFORE, IT IS ORDERED** as follows:

1. That Mark E. Brennan, attorney for plaintiff, is found guilty of contempt of court; and

2. That as a punitive sanction to vindicate the dignity of the court, Mark E. Brennan shall pay to the Clerk of the Court the sum of Five Hundred Dollars ($500.00) by July 19, 2006.

Done in chambers July 12, 2006, pursuant to Fed.R.Crim.P. 42(b), to certify, confirm, reiterate, expatiate, and supplement the findings of fact, conclusions of law, and order of contempt entered summarily by the court during trial on June 28, 2006.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**