# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 04-cv-01067-REB-CBS

WILLIAM R. CADORNA,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, a municipal corporation,

    Defendant.

_____

## ORDER
_____

**Blackburn, J.**

    The matters before me are (1) **Plaintiff's Motion for Entry of Partial Judgment for Back Pay and Liquidated Damages** [#163], filed July 10, 2006; (2) **Plaintiff's Motion for Entry of Judgment for Front Pay in Lieu of Reinstatement** [#164], filed July 10, 2006; and (3) **Amended Motion by Plaintiff Pursuant to Fed.R.Civ.P. 15(b) and 16(e) to Amend Pretrial Order to Conform to the Evidence and/or Prevent Manifest Injustice** [#198], filed October 12, 2006. I grant the motion for back pay and liquidated damages, deny the motion for front pay in lieu of reinstatement, and deny the motion to amend the final pretrial order.

    This matter was tried to a jury on June 19 to June 29, 2006. On June 29, the jury returned a verdict in favor of plaintiff on both counts submitted for its consideration. The jury found that plaintiff had been discriminated against on the basis of his age in connection both with his termination and with defendant's failure to reinstate him or award him benefits beyond the date of his retirement following his successful appeal, in

violation of the Age Discrimination in Employment Act ("ADEA"). The jury found further that defendant had violated plaintiff's rights willfully in both circumstances. It awarded plaintiff a total of $610,571 in damages. Plaintiff now moves for entry of judgment on the jury's verdict, as well as an award of liquidated damages under the ADEA and an award of front pay in lieu of reinstatement.

Defendant presents no adequately developed substantive argument in response to plaintiff's request to be awarded backpay on the jury's verdict.[1] Thus, the motion for backpay will be granted.

Plaintiff seeks also an award of liquidated damages in an amount equal to the backpay award, as contemplated by the ADEA on proof of a willful violation of the statute. *See* 29 U.S.C. § 626(b). Defendant argues first that plaintiff has waived his right to this remedy because he did not reference liquidated damages in the Final Pretrial Order. However, it is abundantly clear that plaintiff alleged a willful violation of the statute in the Final Pretrial Order. There would be no purpose in seeking a finding of willfulness under the ADEA other than to make a request for liquidated damages.[2] Thus, I find that the issue was properly preserved, and plaintiff's motion to amend the pretrial order in this regard is moot.

---

[1] Although defendant suggests via footnote that the jury's award of backpay in connection with plaintiff's termination is redundant and, therefore, should be deducted from any award of backpay and attendant liquidated damages, I do not consider such inadequately briefed arguments. *See Gross v. Burggraf Construction Co.*, 53 F.3d 1531, 1547 (10th Cir. 1995).

[2] Moreover, defendant did not object to the submission of this issue to the jury. Indeed, it defended the jury instruction on willfulness against plaintiff's objection. Trial Transcript, Vol. XIII at 1578:24-1579:3 ("Simply, your Honor, this instruction sets forth the applicable law. I think it's based on the pattern instruction, if I am not mistaken, your Honor. We would state that it is an appropriate instruction and sets forth the necessary elements for a willfulness finding.").

Defendant argues next that the evidence before the jury was insufficient to support a finding of willfulness.  This assertion is belied by the record.  I may disregard the jury's determination of this factual issue only if, construing all the evidence in favor of plaintiff, the evidence is susceptible of no reasonable inference that would support the jury's verdict.  **See Ralston Development Corp. v. United States**, 937 F.2d 510, 512 (10th Cir. 1991); **Powell v. Fournet**, 846 F.Supp. 1443, 1445 (D. Colo. 1994).  Although the evidence in support of willfulness here may not have been as overwhelming as that presented in the cases to which defendant cites, there certainly was sufficient evidence from which the jury could have determined that a willful violation occurred.

Defendant contends also that liquidated damages, being punitive in nature, are not awardable against a municipality.  This argument is premised on the recognition that "[t]he general rule today is that no punitive damages are allowed [against municipalities] *unless expressly authorized by statute*."  **City of Newport v. Fact Concerts, Inc.**, 453 U.S. 247, 260 n.21, 101 S.Ct. 2748, 2756 n.21, 69 L.Ed.2d 616 (1981) (emphasis added).  The rub here, of course, is that the ADEA expressly authorizes such an award in the form of liquidated damages.  The federal circuit courts that have addressed this issue have held that liquidated damages, albeit punitive in nature, are awardable against municipalities.  **See Cross v. New York City Transit Authority**, 417 F.3d 241, 254-57 (2nd Cir. 2005); **Potence v. Hazleton Area School District**, 357 F.3d 366, 372-73 (3rd Cir. 2004).  Defendant has presented no cogent argument that would lead me to deviate from the reasoned analyses and reasonable

conclusions of these persuasive decisions. Accordingly, plaintiff's motion for entry of an award of liquidated damages equal to the jury's award of damages will be granted.[3]

Finally, plaintiff requests an award of front pay in lieu of reinstatement. Although plaintiff suggests that the issue of front pay was stated and preserved in the Final Pretrial Order,[4] it clearly was not. Pursuant to Fed.R.Civ.P. 16(e), the Final Pretrial Order "shall be modified only to prevent manifest injustice."[5] It is plaintiff's burden to demonstrate that manifest injustice will result if amendment is not permitted. **Davey v. Lockheed Martin Corp.**, 301 F.3d 1204, 1208 (10th Cir. 2002).

Plaintiff has not met that burden here. A party's negligence in failing to include a matter in the Final Pretrial Order is not sufficient to warrant amendment under the manifest injustice standard. **See Dunlap v. City of Oklahoma City**, 12 Fed. Appx. 831, 835 (10th Cir. June 7, 2001). In this case, however, the failure to present and preserve the issue of front pay clearly was due not to simple negligence, but instead to a conscious, tactical decision. The *Gestalt* of plaintiff's entire case was his survigrous and inexorable desire to be restored to his position as a Denver firefighter. Plaintiff's presentation to the jury was premised on his and his counsel's repeated assertion that

---

[3] Plaintiff states that, given the award of liquidated damages, he will not seek prejudgment interest on the amount of the jury's backpay award. **See Green v. Safeway Stores, Inc.**, 210 F.3d 1237, 1247 (10th Cir. 2000). I agree that prejudgment interest in not warranted in these circumstances, and, thus, will exercise my discretion to deny any such additional amounts on the amount of the judgment.

[4] Plaintiff points out that his "Separate Enumeration of Claims" in the Final Pretrial Order asserted a claim under the ADEA based on defendant's refusal to "reinstate him, or otherwise grant him full relief in lieu of reinstatement." This formulation of plaintiff's substantive legal claim is not sufficient to suggest that plaintiff would seek equitable relief in the form of front pay.

[5] Plaintiff alternative reliance on Rules 15(b) and 54(c) is misplaced, as these rules apply only to "pleadings," a term of art that does not include pretrial orders. **See** Fed.R.Civ.P. 7(a); **Roane v. Koch Industries, Inc.**, 2000 WL 1863480 at *1 n.1 (D. Kan. Oct. 10, 2000).

being a firefighter was his raison d'etre and that defendant had robbed him, not just of the right to continue in his chosen profession, but of his very identity.  Given his obvious choice to pursue this deliberate, not to mention successful, strategy, plaintiff cannot now viably demonstrate that modification of the Final Pretrial Order to allow him to seek front pay in lieu of reinstatement is necessary to prevent manifest injustice.  Plaintiff has waived any right to insist on an award of front pay in lieu of reinstatement.  Instead, plaintiff is entitled to relief in the form of reinstatement, about which he was adamantine.

      **THEREFORE, IT IS ORDERED** as follows:

      1.   That the **Amended Motion by Plaintiff Pursuant to Fed.R.Civ.P. 15(b) and 16(e) to Amend Pretrial Order to Conform to the Evidence and/or Prevent Manifest Injustice** [#198], filed October 12, 2006, **DENIED AS MOOT IN PART** and **DENIED IN PART**;

      2.   That the motion is **DENIED AS MOOT** concerning plaintiff's claim for liquidated damages;

      3.   That the motion is **DENIED** otherwise;

      4.   That **Plaintiff's Motion for Entry of Partial Judgment for Back Pay and Liquidated Damages** [#163], filed July 10, 2006, is **GRANTED**;

      5.   That **Plaintiff's Motion for Entry of Judgment for Front Pay in Lieu of Reinstatement** [#164], filed July 10, 2006, is **DENIED**;

      6.   That judgment **SHALL ENTER** on behalf of plaintiff, William R. Cadorna, and against defendant, the City and County of Denver, Colorado, as to plaintiff's claims of

willful age discrimination under the ADEA in the termination of his employment and in the failure to reinstate him or award him benefits past the date of his retirement;

7.  That plaintiff is **AWARDED** damages in the total amount of $1,221,142.00, comprised of $610,571 in backpay and an additional $610,571 in liquidated damages, as provided by the ADEA, 29 U.S.C. § 626(b);

8.  That no prejudgment interest shall accrue on the award;

9.  That plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

10.  That plaintiff **SHALL BE REINSTATED** as of the date of the jury's verdict on June 29, 2006, to the position, rank, salary, and benefits he enjoyed at the time of his unlawful termination at his written request to be made of defendant on or before December 31, 2006.

Dated November 27, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**