IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01067-REB-CBS

**WILLIAM CADORNA,**

    Plaintiff,

v.

**THE CITY AND COUNTY OF DENVER,**

    Defendant.

___

**DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT OF REINSTATEMENT, PURSUANT TO FED. R. CIV. P. 60(b)(2) and 60(b)(6) AND RENEWED MOTION FOR STAY OF JUDGMENT OF REINSTATEMENT**
___

Defendant, City and County of Denver, (hereafter "Denver" or "City") by and through its attorneys, Christopher M.A. Lujan and Franklin A. Nachman, moves this Honorable Court pursuant to Fed. R. Civ. P. Rules 60(b)(2) and 60(b)(6), for relief from the Judgment of Reinstatement of Plaintiff William Cadorna, entered by this Court on November 27, 2006. Defendant further requests that this Court stay the Order of Reinstatement, pending determination of post-trial motions.

**CERTIFICATION CONCERNING LOCAL RULE 7.1 A**

Undersigned counsel certifies that several attempts were made to confer with Plaintiff's counsel regarding this motion but were unsuccessful in doing so.

**I.     INTRODUCTION**

Events since this Court entered its Order of Reinstatement have caused

Defendant to seek relief from that Order. Plaintiff, who has not been employed with the Defendant since January 2003, applied for and received retirement benefits for disability, by which it was found that he was not physically capable of performing the job of a Denver firefighter. Despite his stated desire to return to work as a firefighter, Plaintiff has recently refused to agree to the City's reasonable request that he submit to a drug screen, and physical and psychological examinations before returning to work as a firefighter. His refusal to submit to these important tests constitutes newly discovered evidence, justifying relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2).

Furthermore, Plaintiff's insistence on returning to a position of public safety without submitting to these crucial examinations, potentially threatens the safety of the public and fellow firefighters. Alternatively, Plaintiff's refusal to be tested after qualifying for a disability pension constitutes extraordinary circumstances justifying relief pursuant to Fed. R. Civ. P. 60(b)(6). Although there is a presumption that a former employee remains qualified to perform the job, the presumption is rebuttable where there is evidence of possible impairment. Public policy demands that Denver not return an employee to a crucial position of public safety if doing so would jeopardize the safety of the public and fellow firefighters.

Defendant requests that the court find that Denver's request that Plaintiff submit to a fitness for duty examination is reasonable and that Plaintiff shall undergo this examination as a condition for reinstatement. Defendant further requests that in the event that Plaintiff refuses to be tested before being reinstated, that any claim for front pay be denied.

2

## II.     FACTUAL BACKGROUND

The Court is well aware of the facts of this case, and only the most salient ones will be repeated for purposes of this motion.  The City terminated Plaintiff's employment in January 2003, and he has not been employed since that time.  In February 2003, Plaintiff filed a Petition To Be Retired And Placed On Inactive List of Fire Department. (Tr. Ex. 30, attached as Ex. A).  He petitioned to be retired "on the grounds that I am unable to continue to perform my duties as a fireman."  He claimed a hearing loss, the probable duration of which he stated was for "Rest of Life."  The notary affirmed that the facts set forth in the petition were true of Plaintiff's own knowledge.

Dr. Stephen Hessl examined Plaintiff and answered "Yes" to the question, "Does the applicant demonstrate that he/she can not perform the job duties of his/her current rank because of an illness or injury incurred in the line of duty prior to 1980?"  (Tr. Ex. 37, attached as Ex. B).  Plaintiff has received disability pension benefits for the past three years.

Plaintiff sought reinstatement through the City's Civil Service Commission procedures.  While concluding that Plaintiff should not have been terminated, Hearing Officer John Criswell held "…I certainly have no authority to order a member who has been determined to be physically unfit to perform the duties of a fireman to be placed back on active duty."  He went on to state, "Whether CADORNA has the right to seek return to active duty under this statute, <u>if he can demonstrate that he has sufficiently recovered from his disability</u>, is an issue that may be presented at a later time to another tribunal."  (Tr. Ex. 63, attached as Ex. C) (emphasis added).

3

The Court entered the Order of Reinstatement on November 27, 2006. Defendant has filed motions pursuant to Rules 50 and 59, seeking to alter and amend the judgment, for a new trial, and for judgment as a matter of law.  Since that time, after consultation with members of the Denver Fire Department, Defendant's counsel wrote Plaintiff's counsel on May 1, 2007 on the subject of reinstatement.  (See May 1, 2007 letter, attached as Ex. D).  In the letter, Defendant's counsel emphasized the strenuousness of the position and the need for physical and mental fitness.  Counsel stated that the City agreed to waive several of the Civil Service Commission's requirements normally used in reinstatement and instead only asked for Plaintiff to submit to a drug and alcohol screen, and physical and psychological examinations to demonstrate his fitness for duty.  *Id.*  The screen and examinations are reasonable and necessary considering the Plaintiff's absence of more than four years from the Denver Fire Department; his receipt of disability retirement benefits; and the Defendant's desire to provide the highest degree of safety to the public and to fellow firefighters.

In a May 16, 2007 letter, Plaintiff's counsel refused to allow any pre-employment testing of his client, essentially leaving Denver to take its chances with Plaintiff's medical and psychological conditions on his return to work.  (Letter of May 16, 2007, attached as Ex. E).  Plaintiff testified at trial that it was his goal in this litigation to be "Bill Cardona, the firefighter."   (Tr. transcript at p. 839, ll. 15-17, attached as Ex. F). Nevertheless, he has refused the City's request that he demonstrate his fitness for duty, and furthermore, has indicated, through his counsel, his unwillingness to work at a station he has characterized as "an extremely busy downtown station."  (Ex, E, supra).

4

### III.  LEGAL ARGUMENT

**Plaintiff Is Not Entitled to Reinstatement Because He Has Presently Refused To Demonstrate That He Is Fit For Duty As A Firefighter**

  A. **Newly Discovered Evidence Of Potential Failure to Satisfy Bona-Fide Job Requirements May Render Reinstatement Inappropriate.**

The evidence is uncontroverted that Plaintiff has not worked as a firefighter for more than four years. The evidence is further uncontroverted that Plaintiff applied for and has been receiving disability pension benefits predicated on his representation to the City that he was unable to perform the duties of his job. The Hearing Officer at Plaintiff's Civil Service Board Hearing acknowledged the issue of returning an employee to work to a position he claimed not to be capable of performing, and concluded that Plaintiff might return to work if he could show that he could satisfy the physical requirements of the job. Nevertheless, Plaintiff has refused the City's reasonable request that he submit to physical and mental tests to demonstrate that he is fit for duty as a firefighter. Case law interpreting the Rehabilitation Act and the Americans with Disabilities Act has held that while a presumption exists that a former employee remains qualified to perform the job, that presumption is rebuttable. The two leading cases on this issue concerned public safety employees, and are directly applicable to this case.

In *Thomlinson v. City of Omaha,* 63 F. 3d 786 (8th Cir. 1995), Defendant terminated Plaintiff's employment as a firefighter. After Plaintiff suffered two injuries, Defendant terminated her employment for falsification of a medical report. Plaintiff prevailed at trial on her claim under the Rehabilitation Act, 29 U.S.C. Section 794(b) and

5

the district court ordered reinstatement.  The Court of Appeals for the Eighth Circuit reversed.

While noting that the district court generally has discretion to require reinstatement, it said failure to satisfy bona-fide job requirements is a special circumstance that may render reinstatement inappropriate.  It stated that the trial court granted reinstatement without making an explicit determination that Plaintiff met the physical fitness standards for a firefighter.  It proceeded to state, "Given the importance of public safety and the potential hazards involved in requiring the City to employ an unfit worker, we find such an explicit determination necessary."  63 F. 3d at 790.  The court therefore remanded the case for a determination of whether Plaintiff was physically fit or could become physically fit within a reasonable period of time.

The concerns expressed by the *Thomlinson* Court apply equally well to this case. By Plaintiff's own admission of receiving disability pension benefits, there is evidence of a potential disability that would preclude him from performing the position of a firefighter. There is also newly discovered evidence, in the form of Plaintiff's refusal to submit to the minimum necessary tests to prove his fitness for duty.  This evidence satisfies the requirements of Rule 60(b)(2), F.R.C.P., as it is newly discovered evidence that could not have been known at the time of trial, and which would materially affect the outcome of this issue in the case.

The Eighth Circuit reached a similar conclusion in *Doane v .City of Omaha,* 115 F. 3d. 624 (8th Cir. 1997).  Defendant terminated Plaintiff's employment as a police officer because of blindness in one eye and rejected his applications for reinstatement.

6

On appeal from a verdict in Plaintiff's favor for violation of the Americans with Disabilities Act, the court of appeals affirmed that Order of the district court that because Plaintiff had been out of the police force for eight years he would not be automatically reinstated, but instead would be allowed to be trained. The City would then be afforded the opportunity to assess his current fitness for the job. As in the *Doane* case, Plaintiff's extended time off the job, his claim to be unable to perform the functions of his job, and the importance to the public and the Fire Department of having firemen who are physically and mentally capable of performing this challenging position, justify an Order that Plaintiff not be reinstated until he can demonstrate that he can pass the physical and mental tests the City has prescribed.

For newly discovered evidence to provide a basis for a new trial under Rule 60(b)(2) of the Federal Rules of Civil Procedure, the moving party must show (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a new result. *Graham v. Wyeth Laboratories,* 906 F. 2d 1399, 1416 (10th Cir. 1990) (newly discovered evidence justified relief from judgment in products liability case).

The evidence in this case meets these conditions. The Plaintiff's refusal to be reinstated was not evidence that was known to Denver prior to trial and is not of a cumulative or impeaching nature. This evidence is material to the issue of damages that the jury was allowed to consider. Defendant promptly sought relief from this Court

within one month after learning Plaintiff refused to submit to a fitness for duty examination. Plaintiff would not be entitled to reinstatement if he cannot demonstrate his ability to perform the functions of his previous job. The evidence requires at the very least that Plaintiff be tested so Denver may determine his fitness for duty as a firefighter before his being ordered to be reinstated.

      **B.    Public Policy Demands That Firefighters Be Fit For Duty Before Being Reinstated To Their Previous Employment.**

Plaintiff seeks to return to an occupation that is intricately involved with the safety of the public. It can be considered more safety sensitive than several other positions in the private sector that have been deemed by case law to be safety sensitive. A firefighter may be called on to make literal life and death decisions concerning members of the public, as well as those in the fire department. Cases have refused reinstatement because of these safety concerns, and because clear public policy exists against performing safety sensitive jobs while the employee may be impaired. Defendant does not know whether Plaintiff presently has any impairments which would preclude him from performing the job of a firefighter, but because Plaintiff has refused to submit to tests that would verify his fitness for duty, it cannot be certain that he is free of impairments that would prevent him from performing his job. Moreover, given that Plaintiff has received pension benefits predicated on his representations and by findings of a physician that he is unable to perform the functions of a firefighter, which by definition, would constitute an impairment. See, e.g., 42 U.S.C. Section 12102(2)(A). Defendant's requests are eminently reasonable. The Court must therefore grant it relief from the judgment of reinstatement and not grant front pay due to the Plaintiff's refusal

8

to accept an unconditional and reasonable offer of reinstatement until it can be determined that Plaintiff is fit for duty for the position he seeks.

In *Whitlock v. Donovan*, 598 F. Supp. 126 (D.D.C. 1984), a Rehabilitation Act case, Plaintiff was a federal employee who was terminated from his employment. He suffered from alcoholism, and lost his employment because of excessive absences. While the district court granted judgment in Plaintiff's favor, he conditioned reinstatement on Plaintiff promptly undergoing a fitness for duty examination. If Plaintiff could not pass that examination, the court held he would be allowed to seek a disability retirement.

In *Ferguson v. U.S. Department of Labor,* 1 AD Cases (BNA) 1218 (M.D. Fla. 1988), another Rehabilitation Act case, the district court faced a similar factual setting as in *Whitlock, supra,* in that Plaintiff's impairment adversely affected his job performance. Also finding in Plaintiff's favor, it conditioned reinstatement on Plaintiff passing a fitness for duty examination. See also, *McElrath v. Kemp,* 714 F. Supp. 23 (D.D.C. 1989) (same result in similar factual setting).

These cases are instructive as they concerned employment positions far removed from the safety considerations and requirements of a firefighter. While this case does not involve an employee suffering from alcoholism, it does involve one with an admitted impairment. It also involves an employee who had not performed the very demanding mental and physical requirements of the firefighter position for more than four years. Denver is not willing to jeopardize public safety by returning a firefighter to duty without assurance that he is fit to perform this important position.

It is therefore reasonable for this Court to condition reinstatement on Plaintiff's submission to a fitness for duty examination. If Plaintiff refuses to agree to the Court's order, then all further relief must be denied. Once an offer of reinstatement is unreasonably rejected, no further duty of reinstatement will be imposed. *Stanfield v. Answering Serv., Inc.,* 867 F. 2d 1290 (11th Cir. 1989). Defendant's position on this issue has not changed. Denver previously opposed Plaintiff's request for front pay on the ground that his testimony both at the Civil Service Commission hearing and at trial was that he wanted to be reinstated – a position at odds with a demand for front pay. Should the Order of reinstatement eventually be upheld, Denver should be allowed to take reasonable precautions to protect fire personnel and the public in insuring that Plaintiff can meet the physical and mental requirements for his previous position.

An analogous situation has arisen in the arbitration context, where courts have refused to enforce arbitration awards, where doing so would violate public policy. A court's refusal to enforce an arbitrator's award under a collective bargaining agreement because it is contrary to public policy is a specific application of the more general doctrine, rooted in the common law, that a court may refuse to enforce contracts that violate law or public policy. *W.R.Grace & Co. v. Rubber Workers,* 461 U.S. 757, 766 (1983); *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.,* 484 U.S. 29, 42-43 (1987). As in the Rehabilitation Act cases previously cited, courts have held that a clear public policy exists against performing safety sensitive jobs while impaired.

These cases include *Union Pac. R.R. Co. v. United Transp. Union,* 3 F. 3d 255, 258-263 (8th Cir. 1993) (railroad brakeman); *Delta Airlines, Inc. v. Air Line Pilots Ass'n,*

10

*Intl.,* 861 F. 2d 665, 671-674 (11th Cir. 1988) (airline pilot). These analysis and results of these cases share the concern that employees in safety sensitive positions be fit to perform their duties. Public policy also demands that fire departments, which prescribe requirements for positions in their departments, be able to set reasonable requirements to discharge the duties of this important position.

  **C.  Alternatively, Defendant Is Entitled to Relief From The Judgment Of Reinstatement, In Accordance With FED. R. CIV. P. 60(b) (6)**

  Alternatively, Defendant moves for relief pursuant to Fed. R. Civ. P. 60(b) (6). While Defendant believes it is entitled to relief pursuant to Fed. R. Civ. P. 60(b) (2), it moves in the alternative, as a Fed. R. Civ. P. 60 (b) (6) motion may not be premised on a ground spelled out in Fed. R. Civ. P. 60 (b) (1)-(5), *Liljeberg v. Health Services Corp.,* 486 U.S. 847, 863 & n. 11 (1988). A court may grant relief from a judgment even though the case does not fit into one of the other, more specific provisions of Fed. R. Civ. P. 60 (b), if there is "any other reason justifying relief from the operation of the judgment." This provision is a "grand reservoir of equitable power to do justice in a particular case," *Pierce v. Cook & Co.,* 518 F. 2d 720, 722 (10th Cir. 1975) (en banc). The provision may be invoked only on a showing of exceptional circumstances. *State Bank v. Gledhill (In re Gledhill),* 76 F. 3d 1070, 1080-1082 (10th Cir. 1996).

  In *Gledhill, supra,* the Tenth Circuit Court of Appeals affirmed the district court's granting the motion of a bankruptcy trustee for relief under Fed. R. Civ. P. 60 (b) (6) from an order of the bankruptcy court lifting a stay order for foreclosure. The court emphasized the increase in the value of the subject property (meaning more money for

the creditors) was a change in factual circumstances since entry of the order constituting the exceptional circumstances required to justify granting the relief.

Exceptional circumstances justifying relief from the judgment of reinstatement exist in this case. The change in factual circumstances constitutes exceptional circumstances, which, taken with the importance of this issue to the safety of the public, requires the Court to grant relief from its reinstatement Order. This issue must be heard at this time for the City to be able to raise this issue on appeal, if necessary. As previously argued, Denver was not in a position to raise this issue until after the Court's reinstatement Order and Plaintiff's refusal to submit to tests that would certify his fitness for duty. The issue is one that has not previously arisen in this factual context, and as previously demonstrated, is one of both urgency and importance.

## CONCLUSION

Denver finds itself in a difficult situation in that it does not want to violate any of this Court's orders and wishes to honor Plaintiff's preference to be reinstated. Nevertheless, it must not also discharge its duty to the public to insure that its public safety employees are both physically and mentally fit to perform their duties. Denver could not have known of Plaintiff's refusal to allow it to discharge that duty until after the Court's reinstatement Order. This new evidence is material and would affect the outcome of the reinstatement issue if it were determined based on testing that Plaintiff was not fit for duty as a firefighter. Defendant therefore seeks relief from that part of the Judgment Order requiring Plaintiff to be reinstated as a firefighter absent a fitness for duty examination as a condition to reinstatement. Denver also respectfully moves for

this Court to deny any claim of front pay if Plaintiff refuses to be tested.  Because of the importance of this issue, Defendant also renews its motion that the Court stay an order of reinstatement, pending resolution of post-trial motions.

Respectfully submitted this 07 day of June, 2007.


CHRISTOPHER M. A. LUJAN
Assistant City Attorney


By: s/ Christopher M.A. Lujan
Christopher M. A. Lujan
Denver City Attorney's Office
Litigation Section
201 W. Colfax Ave., Dept. 1108
Denver, CO  80202
Telephone:  720.913.3100
Facsimile: 720.913.3190
E-mail: dlefiling.litigation@ci.denver.co.us


FRANKLIN A. NACHMAN
Assistant City Attorney


By: s/ Franklin A. Nachman
Franklin A. Nachman
Denver City Attorney's Office
Litigation Section
201 W. Colfax Ave., Dept. 1108
Denver, CO  80202
Telephone:  720.913.3100
Facsimile: 720.913.3190
E-mail: dlefiling.litigation@ci.denver.co.us

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on June 07, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Mark E. Brennan**
markebrennanpc@yahoo.com

and I hereby certify that I have mailed the document to the following non CM/ECF participants in the manner indicated by the non-participant's name:

Interoffice mail to:

Manager Alvin LaCabe, Jr.
Manager of Safety
Department of Safety
1331 Cherokee St.
Denver, CO  80204

Chief Larry Trujillo
Deputy Chief Jim Sestrich
Department of Safety
Denver Fire Department
745 W. Colfax
Denver, CO  80204

s/ Cristina Peña Helm
Cristina Peña Helm

14