**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-01067-REB-CBS

WILLIAM R. CADORNA,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO, a municipal corporation,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY
INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) OF
ORDER GRANTING DEFENDANT NEW TRIAL**

**Blackburn, J.**

The matters before me are (1) **Plaintiff's Motion To Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b) of Order Granting Defendant New Trial** [#246], filed October 17, 2007;[1] and (2) **Motion by Plaintiff for Extension of Plaintiff's Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)** [#244], filed October 12, 2007. I deny the motion to certify an interlocutory appeal of my order granting defendant's motion for new trial, and deny the motion for extension of time to file such an order as moot.[2]

On September 27, 2007, I granted defendant's motion for a new trial on the

---

[1] I assume without deciding that the motion is timely filed under 28 U.S.C. § 1292(b). *Cf.* defendant's argument to the contrary. Defendant's Response at 3.

[2] I exercise the discretion permitted me by D.C.COLO.LCivR 7.1C and determine these motions without awaiting replies.

ground of attorney misconduct. Plaintiff now requests that I certify that order for appeal pursuant to 28 U.S.C. § 1292(b). Such interlocutory appeals are not favored and should be granted only in exceptional circumstances. ***Carpenter v. Boeing Co.***, 456 F.3d 1183, 1189 (10th Cir. 2006); ***Fretz v. Keltner***, 109 F.R.D. 303, 308 (D. Kan. 1985). Section 1292(b) allows me to certify "an order not otherwise appealable"[3] only if I find that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion, and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); ***see In re Grand Jury Proceedings June 1991***, 767 F.Supp. 222, 223 (D. Colo. 1991).

Without conceding that any of the other criteria required by the statute are satisfied, it is clear that the requirement that the order involve "a controlling question of law as to which there is substantial ground for difference of opinion" is not met here. The legal standard governing when a new trial is required because of attorney misconduct is neither "difficult, novel, [nor] a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." ***In re Grand Jury Proceedings June 1991***, 767 F.Supp. at 226. Moreover, the substance of plaintiff's motion makes clear that he intends to challenge my fact-based conclusion that his attorney's misconduct at trial was sufficiently egregious to meet the well-settled legal standards that governed my determination. This is not the stuff of which section 1292(b) appeals are made:

---

[3] An order granting a motion for new trial constitutes such an order. ***See Will v. Calvert Fire Insurance Co.***, 437 U.S. 655, 666, 98 S.Ct. 2552, 2559, 57 L.Ed.2d 504 (1978) (plurality opinion); ***Rodgers v. Hyatt***, 697 F.2d 899, 901 (10th Cir. 1983).

> The phrase "question of law" as used in 28 U.S.C. § 1292(b) does not refer to a particular application of facts to the law, but rather "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." [Citation omitted.] Such questions typically involve law that is unsettled. Consequently, for the purposes of 28 U.S.C. § 1292(b), district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation.

***Certain Underwriters at Lloyd's, London v. Nance***, 2006 WL 4109675 at *3 (D.N.M. Aug. 24, 2006). ***See also McFarlin v. Conseco Services, LLC***, 381 F.3d 1251, 1258 (11th Cir. 2004) ("The term 'question of law' does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact. Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'") (citation omitted); ***Fretz***, 109 F.R.D. at 308 (quoting statement of the Judicial Conference Committee with respect to section 1292(b) as proposed that "[i]t is not thought . . . that mere question as to the correctness of the ruling would prompt the granting of this certificate"). Plaintiff's disagreement with my reading of the factual record does not warrant resort to the extraordinary remedy contemplated by 28 U.S.C. § 1292(b).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion To Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b) of Order Granting Defendant New Trial** [#246], filed October 17, 2007, is

**DENIED**; and

2. That the **Motion by Plaintiff For Extension of Plaintiff's Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b)** [#244], filed October 12, 2007, is **DENIED AS MOOT**.

Dated October 25, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**