IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 04-cv-01067-REB-CBS

WILLIAM R. CADORNA,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO, a municipal corporation,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER GRANTING
DEFENDANT NEW TRIAL**

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Reconsideration of Order Granting Defendant New Trial** [#250], filed October 26, 2007. I deny the motion.

Although the court always has inherent power to reconsider its interlocutory rulings, it should do so only in limited circumstances:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). None of these conditions are met here. Plaintiff's arguments are nothing more than a festooned reiteration of those I have previously rejected, both in ruling on

the motion for new trial itself and in denying plaintiff's motion for certification under 28 U.S.C. § 1292(b).[1]  (*See* **Order Denying Plaintiff's Motion To Certify Interlocutory Appeal Under 28 U.S.c. § 1292(b) of Order Granting Defendant New Trial** [#249], entered October 25, 2007.)

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for Reconsideration of Order Granting Defendant New Trial** [#250], filed October 26, 2007, is **DENIED**

Dated June 23, 2008, at Denver, Colorado.

**BY THE COURT:**

s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**

---

[1] In addition to the obvious parallelism between the arguments made in support of plaintiff's section 1292(b) motion and those advanced here, the fact that the instant motion was filed the day after I entered my order denying relief under section 1292(b) further strongly suggests that plaintiff has no proper basis for requesting reconsideration but is merely seeking a third bite at the apple.

2