IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 04-cv-01067-REB-CBS

WILLIAM R. CADORNA,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO, a municipal corporation,

    Defendants.

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION
OR RECUSAL UNDER 28 U.S.C. §§ 144, 455(a) AND 455(b)(1)**
_____

**Blackburn, J.**

The matter before me is **Plaintiff's Motion for Disqualification or Recusal Under 28 U.S.C. §§ 144, 455(a) and 455(b)(1)** [#252], filed November 3, 2007. I deny the motion.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

Plaintiff here seeks my disqualification from this case under two related statutes. Section 144 of Title 28, United States Code, provides that

> [w]henever a party to any proceeding in a district court
> makes and files a timely and sufficient affidavit that the judge
> before whom the matter is pending has a personal bias or
> prejudice either against him or in favor of any adverse party,
> such judge shall proceed no further therein, but another

judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. The affidavit required by the statute "must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel." **Glass v. Pfeffer**, 849 F.2d 1261, 1267 (10th Cir. 1988) (citing **Hinman v. Rogers**, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam)). Because the factual averments of the affidavit must be accepted as true, the affidavit is strictly construed against the party seeking recusal. ***Id.***; ***see also Winslow v. Lehr***, 641 F.Supp. 1237, 1240 (D. Colo. 1986) ("If . . . the affidavit is sufficient, regardless of the truth of the statements contained therein, the judge must disqualify himself."). Thus, an affidavit that "merely states conclusions, rumors, beliefs and opinions," rather than particularly "identifying facts of time, place, persons, occasion, and circumstances," will not warrant recusal. **Glass**, 849 F.2d at 1267; ***see also Antonello v. Wunsch***, 500 F.2d 1260, 1262 (10th Cir. 1974) ("[I]f the affidavit is insufficient and does not meet the requirements of the statute, it is the judge's duty not to disqualify himself.").

Relatedly, section 455 provides that

    a.    Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

    b.    He shall also disqualify himself in the following circumstances:

        i.    Where he has a personal bias or prejudice concerning a party, . . .

28 U.S.C. § 455. This section requires a judge to recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality."

***Bryce v. Episcopal Church in the Diocese of Colorado***, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted). In the context of section 455, the factual allegations of the movant's affidavit need not be accepted as true, and all relevant facts may be considered in evaluating the motion. ***Hinman***, 831 F.2d at 939; **see also *Hall v. Doering***, 185 F.R.D. 639, 642 (D. Kan. 1999); ***United States v. Roberts***, 947 F.Supp. 1544, 1549 (E.D. Okla. 1996). Nevertheless, proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias. ***Id.***; ***Salt Lake Tribune Publishing Co. v. AT & T Corp.***, 353 F.Supp.2d 1160, 1172 (D. Utah 2005).

However, the Tenth Circuit has cautioned that the recusal statutes "must not be so broadly construed that [they] become[], in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." ***United States v. Hines***, 696 F.2d 722, 729 (10th Cir. 1982); **see also *Bryce***, 289 F.3d at 659. As Congress itself noted in enacting section 455, "each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a *reasonable* basis." **See *Jackson v. Fort Stanton Hospital and Training School***, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original). **See also *Hinman v. Rogers***, 831 F.2d 937, 939 (10th Cir. 1987) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."). The inquiry therefore is "limited to outward

3

manifestations and reasonable inferences drawn therefrom," *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004), and "contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person,'" *United States v. Evans*, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) (citation omitted).

### III.  ANALYSIS

Because the factual averments of the affidavit submitted in support of the motion must be accepted as true when considering the motion under section 144, the affidavit must strictly hew to the requirements of the statute. Among these are that the motion be timely and that the affidavit be "sufficient," setting forth with particularity relevant facts rather than relying on mere opinion, belief, and conjecture. *See Glass*, 849 F.2d at 1267. Plaintiff's counsel's affidavit satisfies neither of these requirements.[1]

First, plaintiff's motion is dramatically untimely with regard to the majority of the actions of which he complains. "Although this circuit has not attempted to define the precise moment at which a § 455(a) motion to recuse becomes untimely, our precedent requires a party to act promptly once it knows of the facts on which it relies in its motion." *United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir.), *cert. denied*, 120 S.Ct. 2734 (2000). "The judicial process can hardly tolerate the practice of a litigant with knowledge of circumstances suggesting possible bias or prejudice holding back, while calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming." *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986). *See also Pearson*, 203 F.3d at 1276 ("A promptly filed motion conserves

---

[1] A third requirement is that the affidavit be made by a "party." *See Glass*, 849 F.2d at 1267. I will assume *arguendo* that the affidavit of plaintiff's counsel satisfies this statutory prerequisite.

4

judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process."); *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1077, 1081 (D. Colo. 1991) ("Motions to recuse cannot be viewed as an additional arrow in the quiver of advocates in the face of adverse rulings.").

Plaintiff's evidence of my alleged partiality harkens as far back as April, 2006, when he filed his response to defendant's motion for summary judgment. A substantial part of the motion thereafter is devoted to matters that occurred prior to and during the trial,[2] in June, 2006. Moreover, although I granted defendant's motion for new trial in September, 2007, plaintiff waited an additional six weeks thereafter, *after* I denied his motion to certify an interlocutory appeal and *after* he filed a motion for reconsideration of the order granting the new trial, before finally lodging any formal allegation of bias. The motion is subject to denial on the basis of untimeliness alone.

Nor does the motion have any traction substantively. The motion and affidavit are long on supposition, conjecture, and hyperbole, but short on detail and factual support for plaintiff's allegations of personal bias. Despite intermittent citations to the transcript of the trial, counsel's affidavit is little more than his global, unsubstantiated recollection of my alleged hostility toward him. Such unparticularized allegations are not sufficient to make out a case for recusal.

More to the point, however, plaintiff's evidence of my supposed bias is premised almost entirely on my rulings during the trial and on pre- and post-trial motions and

---

[2] Including an eleventh-hour, pretrial motion for recusal, which counsel frankly admits he withdrew for tactical reasons.

matters.  Under both section 144 and section 455, the "extrajudicial source" doctrine severely limits recusal on the basis of unfavorable rulings or knowledge of the parties, their counsel, and the litigation formed in the course of presiding over the case to those extraordinary situations in which the circumstances "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  **Liteky v. United States**, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994); **see also United States v. Young**, 45 F.3d 1405, 1415 (10th Cir.), **cert. denied**, 115 S.Ct. 2633 (1995).[3]

Plaintiff has not shown that extraordinary level of bias here.  **Cf. Liteky**, 114 S.Ct. at 1157 (noting as example of judicial bias justifying recusal district court's statement in an espionage case stemming from the First World War, that "[o]ne must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty'") (quoting **Berger v. United States**, 255 U.S. 22, 28, 41 S.Ct. 230, 231, 65 L.Ed. 481 (1921)).  Plaintiff's counsel attempts to transmogrify my adverse judicial rulings into evidence of personal animosity by suggesting that I used a deriding or derogatory tone, or that I exhibited facial expressions and body language during the trial that showed disdain for him.  Such bare, conclusory allegations are insufficient as a matter of law to justify recusal:

> *Not* establishing bias or partiality, however, are expressions
> of impatience, dissatisfaction, annoyance, and even anger,
> that are within the bounds of what imperfect men and
> women, even after having been confirmed as federal judges,
> sometimes display.  A judge's ordinary efforts at courtroom

---

[3]  Plaintiff's obvious dissatisfaction with the continued viability of the extrajudicial source rule after **Litkey** provides no basis for me to ignore this well-settled precedent.

6

>administration – even a stern and short-tempered judge's
>ordinary efforts at courtroom administration – remain
>immune.

*Liteky*, 114 S.Ct. at 1157 (emphasis in original). Nothing in counsel's vague allusions to unspecified and unsubstantiated physical gestures on my part demonstrates that I "cross[ed] the line separating righteous criticism from injudicious damnation." *Pearson*, 203 F.3d at 1278. Instead, the affidavit reveals the type of "hypersensitive, cynical, and suspicious" point of view which is the antithesis of the objective standard employed in determining issues of recusal. *See Evans*, 262 F.Supp.2d at 1294 (citation and internal quotation marks omitted).

**THEREFORE IT IS ORDERED** that **Plaintiff's Motion for Disqualification or Recusal Under 28 U.S.C. §§ 144, 455(a) and 455(b)(1)** [#252], filed November 3, 2007, is **DENIED**.

Dated June 25, 2008, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**