IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01067-MSK-CBS

WILLIAM R. CADORNA,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,

    Defendant.

**DENVER'S MOTION TO COMPEL THE PRODUCTION OF PLAINTIFF'S DOCUMENTS PERTAINING TO HIS MITIGATION OF DAMAGES PURSUANT TO Fed. R. Civ. P. 37 (a)**

Defendant, City and County of Denver, Colorado ("Denver"), by and through its attorneys, Christopher M.A. Lujan and Franklin A. Nachman, Assistant City Attorneys, move this Honorable Court to enter an Order compelling Plaintiff's production of all financial documents in connection with his mitigation of damages and an award of costs and reasonable attorney's fees. With this Motion, Denver states the following in support of this pleading.

**CERTIFICATION UNDER LOCAL RULE 7.1**

On 10 September 2008 undersigned counsel spoke with opposing counsel Mark Brennan to ascertain his position in this matter. Plaintiff's counsel stated that he opposes the motion at this time. Having conferred with Plaintiff's counsel, Defendant files this Motion.

**INTRODUCTION**

In 2005, Denver attempted on numerous occasions – through both formal discovery procedures and informal discussions with Plaintiff's counsel – to obtain financial documents from Plaintiff. The Defendant sought these documents to satisfy its burden of proof at trial of showing that Plaintiff failed to mitigate his damages after being terminated from employment with the Denver Fire Department. Plaintiff's counsel responded to Denver's discovery requests by submitting evasive answers and failing to proffer any documents. The discovery deadline for the first trial ("Cadorna I") expired on 19 December 2005 (Minute Order, ECF. No. 46) and the trial was held from 19 – 28 June 2006.

Because of attorney misconduct by Plaintiff's counsel (not related to discovery abuses), the first trial and judgment were vacated on 27 September 2008. With a new trial pending, and despite Denver's best efforts to obtain Plaintiff's financial information from 1998 through today, Plaintiff and his counsel still insist on refusing to provide Denver with responsive documents to its formal discovery requests. Plaintiff's insistence on refusing to provide this information makes this motion necessary as it is the only way that Denver can procure the discovery that is required to successfully defend itself at trial.[1]

---

[1] Although Denver is seeking information from as far back as 2005, this motion to compel is timely as there is no set time limit for filing this motion. *U.S. v. MWI Corp.*, 232 F.R.D. 14, 17 (D.D.C. 2005) (Court ruled that the party's motion to compel was timely were there was no motion for summary judgment pending and no trial date was set.)

Denver seeks an Order from this Court compelling the Plaintiff and his counsel to disclose and produce the documents that are responsive to its request and for an Order to award Denver costs and attorney's fees as authorized under Fed. R. Civ. P. 37 (a) (5) (A).

## FACTUAL BACKGROUND

Denver's former counsel attempted through a formal discovery request to obtain discovery in connection with Plaintiff's income. Specifically, Denver served Plaintiff (through his counsel) with a Request for Production of Documents. On 04 February 2005, Denver specifically asked for Plaintiff to:

> Produce a copy of any [sic] all documents which show evidence of any income of any kind to you for the period January 1, 1998 through the present, including but not limited to, tax returns (federal and state), including all schedules for the tax returns, W2 forms, statement of income from any businesses, including partnerships, corporations, or other entities and any documents which show ownership in any business.

(Ex. No. 1, Defendants' First Set of Interrogatories and Requests For Production of Documents to Plaintiff, 04 February 2005, p. 14). By rule, Plaintiff had thirty (30) days to respond to Denver's request. Fed. R. Civ. P. 34 (b) (2) (A).

Plaintiff's response, close to sixty (60) days later, consisted of an evasive answer with the assurance that he would be more responsive later on. In addition to stating the standard objections for not producing documents (e.g. request is "overbroad," "burdensome," and irrelevant"), Plaintiff continued by claiming:

> Reserving his objections, Plaintiff states that, upon stipulation by parties or an order by the Court entering a suitable protective order limiting the use and disclosure of any detailed information or documents concerning Plaintiff's income, Plaintiff will make additional information or documentation reflecting Plaintiff's income during 2002 and since

>his termination.  Plaintiff will continue to engage in good faith negotiations with the Denver City Attorney for the purpose of formulating a protective order continuing reasonable limitations on discovery and use of information or documents related to Plaintiff's income.

(Ex. No. 2, Plaintiff's Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents, 06 April 2005, pp. 25-26).

After serving Plaintiff with a formal discovery request, Denver on three separate occasions before trial in Cadorna I attempted to obtain Plaintiff's financial information. In keeping with Denver's duty to work with opposing counsel to resolve discovery issues short of resorting to the Court for relief, Denver attempted to confer with Plaintiff's counsel to obtain this information.  *LaFleur v. Teen Help*, 342 F. 3d 1145, 1152 (10th Cir. 2003) (Court found that meeting and written follow up by attorney complied with rule's "meet and confer" requirement.)  Each time, opposing counsel ignored Denver's requests for documents.

In April, 2005, Denver's former counsel attempted to allay Plaintiff's concerns about the lack of a protective order by not only drafting a protective order but also sending it to Mr. Brennan for his signature.  (Ex. No. 3, 27 April 2005 letter from former Assistant City Attorney Jack Wesoky to Mr. Brennan, p.5).  In both the beginning and end of this correspondence, opposing counsel was advised that the letter was an attempt to obtain the information without judicial intervention.

Plaintiff ignored Denver's informal attempts to obtain this information.  As an e-mail dated 09 May 2005 between Messieurs Wesoky and Brennan indicate, Mr. Brennan still had not signed the protective order that he made such an issue about nor had he produced the documents responsive to Denver's formal discovery requests.  (Ex.

No. 4, 09 May 2005 e-mail from Mr. Wesoky to Mr. Brennan). A letter from Mr. Wesoky to Mr. Brennan dated 03 June 2005 indicates that nothing had changed from Denver's earlier attempts to obtain this information: the Defendant would request the information, Plaintiff's counsel would ignore the requests, and no documents would be produced. (Ex. No. 5, 03 June 2005 letter from former Assistant City Attorney Jack Wesoky to Mr. Brennan). A review of Defendant's files indicates that Plaintiff disclosed no responsive documents on his finances from 1998 through present before the close of discovery on 19 December 2005.

The vacation of the judgment in Cadorna I and Denver's preparation for a new trial in this matter have renewed Denver's informal attempts to obtain Plaintiff's financial documents. Last month, Denver communicated its' request for Plaintiff's financial information to opposing counsel. (Ex. No. 6, 26 August 2008 letter from undersigned counsel to Mr. Brennan). Denver's attempts to obtain Plaintiff's financial information this time mirror the outcome from over three years ago; a refusal from Plaintiff's counsel and still no documents produced.

Soon after his termination from the Denver Fire Department because of allegations that Plaintiff stole a cookbook from a Safeway supermarket on 07 December 2002, Mr. Cadorna filed civil lawsuits against the Safeway Corporation and the City and County of Denver. The Plaintiff's lawsuit with the Safeway Corporation was filed under 04-cv-01434-REB-CBS. Undersigned counsel learned that Plaintiff settled with the Safeway Corporation sometime before the jury trial in this matter in June, 2006. Undersigned counsel also believes that Plaintiff settled with Safeway *after* the discovery

deadline in this case expired thus vitiating Denver's opportunity to obtain this discovery and meaningfully cross examine Plaintiff on this issue at trial.

Denver requests an Order from this Court compelling Plaintiff to disclose the information responsive to Denver's formal 2005 discovery requests and for the financial information from his settlement with the Safeway Corporation.

## LEGAL ARGUMENT

### I. Denver's Motion to Compel is the Appropriate Vehicle to Obtain Plaintiff's Financial Records

#### A. Plaintiff Has A Duty to Disclose Financial Information to Denver and to Supplement His Disclosures When Appropriate

The Federal Rules of Civil Procedure require Plaintiff to provide Denver with the financial documents that it seeks within thirty days of being served. Fed. R. Civ. P. 34 (b) (2) (A). The Plaintiff is responsible for disclosing documents that are within his possession. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 166 (1980). If these financial documents are kept within the possession of Plaintiff's accountant or financial expert, these documents are deemed to be within the possession of Mr. Cadorna. *Wardrip v. Hart*, 934 F. Supp. 1282, 1286 (D. Kan. 1996) (Court deems that financial records of defendant in possession of defendant's accountant are in defendant's control); *Alper v. U.S.*, 190 F.R.D. 281, 283 (D. Mass. 2000) (Court ruled that documents held by party's expert are within the party's control). The documents sought after by Denver are well within the Plaintiff's possession and he has a duty under this federal rule to provide them.

Plaintiff also has a duty to supplement his discovery responses under Fed. R. Civ. P. 26 (e). The rule requires Plaintiff to "supplement or correct" his response "if the party learns" that his discovery responses are "incomplete or incorrect." *Id.* This rule also requires Plaintiff to supplement his responses "in a timely manner." *Id.* Plaintiff's 2006 settlement with the Safeway Corporation and his financial records since Cadorna I concluded are reasons enough to believe that Plaintiff is required to immediately supplement his discovery responses. These reasons are in addition to Plaintiff's failure to produce *any* financial documents in response to Defendant's discovery request in 2005.

Denver requires Plaintiff's financial information because it carries the burden of proof at trial demonstrates that Mr. Cadorna failed to mitigate his damages. *Eastman Kodak Co. v. Westway Motor Freight, Inc.,* 949 F.2d 317 (10th Cir. 1991). Without Plaintiff's information, Denver is hampered in its' ability to meet this burden.

### B. Denver Has Unsuccessfully Attempted to Obtain Plaintiff's Financial Documents Through Informal Means

As referenced above, Denver has on numerous occasions attempted to obtain Mr. Cadorna's financial information by working with Plaintiff's counsel. Despite these attempts, Denver has been unsuccessful in obtaining this information.

Before a court may grant a motion to compel, a party is required to detail its efforts in obtaining the desired information. Denver must provide a certification to this Court that it has tried to "resolve this dispute without court action." Steven Baicker-McKee & William Janssen & John Corr, Federal Civil Rules Handbook 2007, p. 775;

*Cory v. Aztec Steel Bldg. Inc.*, 225 F.R.D. 667, 670 (D. Kan. 2005) (A party's certification should detail its' efforts to resolve the dispute with opposing counsel.)

Equally important in a successful motion to compel is a proffer that a party tried on more than one occasion to obtain the disputed documents. Parties are required to show more than a single letter before turning to the courts to resolve this issue. *Williams v. Bd. of County Comm'rs. of Unified Gov't. of Wyandotte Co. and Kansas City, Ks.*, 192 F.R.D. 698, 699 (D. Kan. 2000). Denver has tried on several occasions to obtain Plaintiff's financial documents.

### C. Plaintiff's Evasive and Incomplete Answers Operate as a Failure to Answer Under Fed. R. Civ. P. 37 (a) (4)

Plaintiff's response to Denver's request for his financial information are evasive and incomplete. First, Plaintiff indicates that he wants a protective order in place before he will disclose his financial information. Despite this representation, Plaintiff still refuses to disclose this information although Denver was willing in 2005 to enter into a protective order.[2] Plaintiff's failure to sign a protective order and disclose the information is just one example of his willingness to evade Denver in providing his financial information.

Denver's request for Plaintiff's documents seeks financial information from

---

[2] Plaintiff's desire for a protective order is a red herring as it has little bearing on his duty to *produce* the requested documents to Denver. While a protective order issued pursuant to Fed. R. Civ. P. 26 (c) may dictate how Denver utilizes the information later on, it has no impact on Plaintiff's duty to produce the information and should not be cited as a reason for refusing to disclose the documents, especially since at that time Denver agreed to enter into a protective order.

"January 1, 1998 through the present." (Ex. No. 1, Defendants' First Set of Interrogatories and Requests For Production of Documents to Plaintiff, 04 February 2005, p. 14). Plaintiff's answer indicates that he would disclose information "reflecting Plaintiff's income during 2002 and since his termination." (Ex. No. 2, Plaintiff's Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents, 06 April 2005, pp. 25-26). Plaintiff's incomplete response mentions nothing about disclosing his financial records from 1998 to 2002. The fact that Plaintiff's counsel fails to disclose any financial information from 1998 through 2002 (despite being employed with the Denver Fire Department until 02 January 2003) makes his answer incomplete under the federal rule.

Finally, Plaintiff and his counsel's continual attempts to ignore or refuse to provide Denver with the financial documents is more evidence of his failure to answer or disclose under the federal rule. Despite his representation that he will "engage in good faith negotiations with the Denver City Attorney" to provide the requested documents, the evidence indicates that Plaintiff's counsel dodges and ignores attempts to sign a protective order or engage in good faith to produce these documents.

Because Plaintiff's evasive and incomplete response under Fed.R.Civ.P. 37, a motion to compel the production of his financial documents is necessary and appropriate.

## CONCLUSION

Denver seeks an Order from this Court granting its' Motion to Compel to put an end to opposing counsel's ongoing efforts to stall in providing Plaintiff's financial

information.  Rather than continuing on with this fruitless pursuit of relevant evidence, Denver respectfully requests an Order that would compel the Plaintiff to produce this evidence so that Denver may continue in its preparation for trial.  In addition to requesting an Order for the production of this information, Denver also respectfully moves for an Order granting costs and attorney's fees as authorized under Fed. R. Civ. P. 37 (a) (4).

WHEREFORE, for the foregoing reasons, Denver respectfully requests that the Court issue an order to compel the Plaintiff to respond to Denver's request for financial documents as well as costs and attorney's fees.

Dated this 16th day of September, 2008.

>CHRISTOPHER M.A. LUJAN
>Assistant City Attorney
>
>FRANKLIN A. NACHMAN
>Assistant City Attorney
>
>By:   s/ Christopher M.A. Lujan
>Christopher M.A. Lujan
>Franklin A. Nachman
>Office of the City Attorney
>201 W. Colfax Ave., Dept. 1108
>Denver, CO  80202-5332
>Telephone: 720.913.3100
>Facsimile:  720-913-3190
>E-mail:  dlefiling.litigation@ci.denver.co.us
>
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2008, I electronically filed the foregoing **DEFENDANT CITY AND COUNTY OF DENVER'S MOTION TO COMPEL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Mark E. Brennan
markebrennanpc@yahoo.com

                                                     s/ Raquel Trujillo
                                                    Raquel Trujillo