IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01067-MSK-CBS

WILLIAM R. CADORNA,

        Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,

        Defendant.
_____

**OPINION AND ORDER GRANTING, IN PART,
MOTION FOR LEAVE TO CONTACT JURORS**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Leave to Contact Jurors **(# 296)**, to which no responsive papers have been filed; and the Plaintiff's Motion to Expedite Ruling **(# 298)** on that motion.[1]

The Plaintiff's counsel seeks leave "to contact all of the jurors for the purpose of interviewing them, deposing them, or subpoenaing them to give testimony concerning the trial of this action" in conjunction with the investigation and hearing of an ethics complaint against him.

D.C. Colo. L. Civ. R. 47.1 states that "No party or attorney shall communicate with . . . a juror . . . before, during, or after any trial without written authority signed by [a] judicial officer." In *U.S. v. Weidner*, 2003 WL 21938996 (D. Kan. Aug. 1, 2003) (unpublished), the court explained the purpose of a substantively identical local rule: "The policy considerations

---

[1]This Order renders the Motion to Expedite moot, and thus, it is denied as such.

1

underlying [the rule] include the protection of jurors from harassment and preserving the finality of judgments," and to prevent "post-trial 'fishing expeditions.'" In deciding whether to permit counsel to contact jurors, the Court must balance whatever salutary interests are advanced by permitting juror contact against the risk of juror harassment. *See e.g. U.S. v. Ailsworth*, 948 F.Supp. 1485, 1496 (D. Kan. 1996).

Here, the Plaintiff's counsel's stated purpose for seeking to contact jurors is to assist him in defending against an ethics complaint lodged against him by Colorado's Attorney Regulation Counsel. That complaint relates to the Plaintiff's counsel's conduct during the trial in this matter before Judge Blackburn. Although it is not entirely clear how discussions with jurors will bear on the substantive merits of the ethics charges against the Plaintiff's counsel, to the extent that information from jurors is pertinent to the ethics matter, this Court finds that the Plaintiff's counsel has articulated a valid purpose for seeking to contact the jurors.

The Court thus turns to concerns of juror harassment or intimidation. In doing so, the Court takes note of a number of facts. First, the Court notes Judge Blackburn's extensive and scathing characterization of the Plaintiff's counsel's conduct at trial in his September 27, 2007 Order Granting Motion for New Trial Because of Attorney Misconduct **(# 241)**. Judge Blackburn found the Plaintiff's counsel to have demonstrated "his most profound contempt for the court, . . . opposing counsel, and ultimately, the entire legal system." Although this Court assumes that the Plaintiff's counsel vigorously disputes every aspect of Judge Blackburn's findings and conclusions and utterly denies engaging in any improper conduct (and this Court harbors no opinion as to whose version of events is more accurate), Judge Blackburn's findings

do raise cause for concern that the Plaintiff's counsel's contact with jurors might devolve into harassment.

Next, the Court recites facts that it is privy to, but which do not appear in the formal docket.[2] On January 6, 2009, the Plaintiff's counsel e-mailed the undersigned's chambers, stating "It is vitally important to my defense against the ethics charges . . . that the motion I filed a month or so ago for leave to depose the Cadorna jurors be granted IMMEDIATELY." The e-mail went on to recite some of the same facts presented in the Plaintiff's Motion to Expedite Ruling. This informal communication with chambers was improper for several reasons. Most importantly, this Court's Practice Standards expressly require that all communication with the Court be made by formal filings on the docket. *See* MSK Civil Practice Standards, § II.B.1. Rather, the Court's Practice Standards specifically direct parties who seek to request expedited consideration of a matter to make a "separate motion" for a forthwith hearing, and to telephone chambers to advise that such a motion is being filed. MSK Civil Practice Standards, § V.F.1. The undersigned directed her law clerk to advise the Plaintiff's counsel by e-mail that such communication was not permitted, and that "[t]o the extent relief is requested, a properly-filed motion is necessary."

---

[2]In the interests of having a complete record in this case, the Court will direct the Clerk of the Court to docket the string of e-mail messages discussed herein. In addition, the Court notes that the Plaintiff's Motion to Expedite Ruling makes reference to certain exhibits that the Plaintiff's counsel attached in his e-mail messages, but were apparently overlooked when the Motion to Expedite Ruling was filed. The Court will direct that these attachments be docketed by the Clerk and linked to the Plaintiff's Motion to Expedite Ruling.

The Plaintiff's counsel responded to the law clerk's e-mail with yet another e-mail message, agreeing to file a formal motion for expedited consideration, but also repeating arguments raised in his initial e-mail, as well as raising additional arguments:

> I understand that quite well, which is why I filed a motion for leave to interview and/or depose the jurors on 12/3/09.
>
> My purpose in contacting the court was to seek to expedite its consideration of the pending motion, such as via telephone status conference, in view of necessitous circumstances.
>
> In my experience, many judges are not averse to such communications, so long as they are not *ex parte*, and so long as they are justified by the circumstances.
>
> Judge Krieger's preferences are, however, otherwise, and I will certainly comply with them.
>
> To that end, I will soon file a motion for expedited hearing and ruling in view of the extremely delicate and dangerous brain surgery to be performed upon [the] Jury Foreperson [ ] to correct a ventricular aneurysm on January 14.
>
> My due process rights, something in which I am confident Judge Krieger believes even more strongly than normal protocol, depend upon my being granted leave to take her deposition before the surgery.

The Court finds this behavior cause for additional concern. No response to the law clerk's e-mail message was necessary or requested, much less a response that acknowledged understanding of the inappropriateness of e-mail communications with chambers, yet simultaneously continued to argue for particular relief. This, too, raises a concern that the Plaintiff's counsel's communications with jurors could result in harassment – *e.g.* that the Plaintiff's counsel will persist despite a juror's request to avoid or cease a conversation.

4

Finally, the Court has some concern that the Plaintiff's counsel has already communicated with jurors in violation of Local Rule 47.1. The Plaintiff's Motion for Expedited Ruling states that "[the] Jury Foreperson . . . contacted Plaintiff's counsel and informed him that she will undergo surgery." Although the Court will not speculate as to the possible topics discussed in this conversation, it is abundantly clear that, notwithstanding the plain language of Local Rule 47.1 – that an attorney is prohibited from communicating with a juror after a trial without written leave to do so – the Plaintiff's counsel indeed has had communications with at least one juror.

An argument can be made that, assuming the Foreperson initiated the contact, such communication does not technically constitute a violation of Local Rule 47.1. Judge Daniel has concluded that "Local Rule 47.1 does not prohibit jurors from voluntarily contacting counsel if they so choose." *See e.g. U.S. v. Sablan*, 2007 WL 4116117 (D. Colo. Nov. 16, 2007) (unpublished). Without necessarily agreeing or disagreeing with Judge Daniel's construction of the rule, this Court harbors a concern that the Plaintiff's counsel's decision to engage in any communication with the Foreperson prior to obtaining written permission to do so, while perhaps not an actual violation of the rule, belies a certain degree of recklessness as to the plain language and intent of the rule.

For these reasons, the Court concludes that there is a not insubstantial risk of juror harassment if the Plaintiff's counsel is granted leave to contact the jurors. In balancing that risk against the Plaintiff's counsel's interest in contacting the jurors, the Court is inclined to grant the Plaintiff's motion in part, subjecting counsel's ability to contact jurors to several conditions and

restrictions.[3]  In addition, to provide both sides of the action equal access to the jurors, this Order shall apply to all attorneys in this matter.

First, the Court rejects the Plaintiff's counsel's request for leave to "depos[e]" or "subpoena" the jurors.  Putting aside difficult questions of whether the present posture of this case even gives the Court jurisdiction over the jurors to compel testimony, requiring jurors to submit to involuntary communications regarding their experiences is the height of harassment. Many citizens already view jury service as an imposition and exposing them to the risk of being repeatedly subpoenaed and being forced to give testimony (perhaps of dubious relevance) in collateral proceedings would only exacerbate this problem.  This Court is aware that the Office of the Presiding Disciplinary Judge has granted the Plaintiff's counsel leave to take a deposition of the Jury Foreperson providing that this Court so authorizes counsel to do so.  This Court denies Plaintiff's counsel leave to compel any juror to appear for deposition; depositions may only be taken of those jurors who voluntarily consent to do so.

Second, before engaging in any communication with any juror, including the jury foreperson, the Plaintiff's counsel shall provide the juror with a copy of the written statement attached to this Order and allow them an opportunity to read and consider it.  That statement is similar to an oral advisement that this Court gives jurors at the conclusion of jury trials and advises them of their right to refuse to communicate with counsel if they choose.  It is unclear

---

[3]The restrictions set forth herein are intended to govern the conduct of the Plaintiff's counsel and his agents only.  It is not intended to circumscribe the powers or abilities of the Office of the Presiding Disciplinary Judge as they may relate to compelling the testimony of witnesses for purposes of discovery or trial of those matters pending before it.  To avoid confusion on this point, the Court directs that the Clerk of the Court send a copy of this Order to the Office of the Presiding Disciplinary Judge.

whether Judge Blackburn gave the jurors a similar oral advisement, and thus, the attached notice will either apprise the jurors of their right to refuse to communicate with the Plaintiff's counsel or, at worst, supplement their understanding of those rights.

Third, in order to minimize the potential for juror harassment, the Court will require that any initial contact by the Plaintiff's counsel with any juror be by mail, enclosing the required notice, and inviting jurors to contact the Plaintiff's counsel by phone or otherwise if they so choose. Plaintiff's counsel is <u>not</u> authorized to initiate phone calls, in-person contact with the jurors, or any other means of communication than that described above. Upon the mailing described above, Plaintiff's counsel may not contact any juror thereafter unless invited to do so by the juror.

Finally, Plaintiff's counsel must cease all communication with a juror immediately if the juror expresses any reluctance to speak or a desire to end the discussion. In this regard, Plaintiff's counsel shall err on the side of interpreting reluctant or ambiguous statements by a juror to reflect a desire to end or avoid communication. Should the Court be advised by any juror that the Plaintiff's counsel attempted to initiate or prolong an unwanted communication, or otherwise violated the terms of this Order, severe sanctions will be imposed.

Upon request of any counsel in this case, the Clerk of the Court is authorized to provide the name and address of jurors who served at trial in this case. Because any initiated contact with jurors must take place only by mail, the Clerk shall not provide telephone numbers for any juror. Plaintiff's counsel shall not reveal any juror identity or contact information to anyone absent further leave of this Court.

Accordingly, the Plaintiff's Motion for Leave to Contact Jurors **(# 296)** is **GRANTED IN PART**, on the terms set forth herein, and **DENIED IN PART** in all other respects. The Plaintiff's Motion to Expedite Ruling **(# 298)** is **DENIED AS MOOT**.

Dated this 8th day of January, 2009

                                            **BY THE COURT:**

                                            Marcia S. Krieger
                                            United States District Judge

## NOTICE TO JURORS IN *CADORNA v. CITY OF DENVER*

By means of introduction, I am United States District Judge Marcia S. Krieger. Following the trial before Judge Blackburn, this case was transferred to me for further proceedings.

A request has been made by the an attorney in the case to speak to the jurors regarding their experiences and impressions of the case. The Court's rules require that attorneys obtain <u>written</u> permission from me before they may communicate with any juror. The purpose of this Notice is to inform you that I have granted the attorneys that permission, and also to advise you of your right to communicate with the attorneys to the extent you would like.

You may communicate with the attorneys about the case as much or as little as you choose. If you would prefer not to discuss the case at all, you are under no requirement to do so. I have advised the attorneys that they may not initiate contact with you by telephone or in person. They may <u>only</u> contact you by mail, enclosing a copy of this notice, and invite you to contact them to discuss the case further if you would like. If you would like to accept their invitation to discuss the case, feel free to contact the attorneys to make further arrangements. If you would not like to discuss the case, you need not do anything, and the attorneys will not attempt to contact you again. Please also be aware that, even if you have chosen to discuss the case with the attorneys to some extent, they must immediately cease any further attempts to discuss the matter or contact you if you express a desire to end the discussion or express any reluctance to continue the discussion further.

If, at any time, you feel that any of the attorneys has violated any of these rules, has persisted in attempting to discuss the matter with you over your objections, or has become critical of your opinions or service, please contact my chambers immediately at (303) 335-2289. Thank you again for your service as jurors.

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge